Fred Lee THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–97–00631–CR.

Court of Appeals of Texas, El Paso.

Nov. 19, 1998.

Tim K. Banner, Dallas, for appellant.

Sue Korioth, Asst. Dist. Atty., Dallas, for state.

Before LARSEN, McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Fred Lee Thompson appeals from a conviction for the offense of murder. Appellant waived his right to a jury trial and entered a plea of guilty pursuant to a plea bargain. In accordance with the plea bargain, the trial court assessed punishment at imprisonment for a term of ten years to run concurrently with another sentence. The issue presented is whether a twelve-year-delay between indictment and trial violated Appellant's right to a speedy trial despite his failure to make a showing of actual trial prejudice. Finding that it did, we reverse the conviction and dismiss the indictment.

### FACTUAL SUMMARY

Although the record before us is rather sparse, we have been able to determine that Appellant had two murder indictments pending against him during the mid–1980's. A grand jury returned the indictment in the instant case on May 2, 1985. The State chose to pursue a conviction in the other case first, and in 1987, a jury convicted Appellant of that offense and assessed punishment at imprisonment for a term of fifty-five years. Subsequently, the instant case was set for a plea on September 28, 1988, but for reasons not apparent in the record, it did not occur. It was later set for trial on September 18, 1989 and October 2, 1989, but the case did

not go to trial. The trial court's docket sheets contain no entries for the next eight years until the case was set for announcements on August 1, 1997. Around that same time, Appellant's trial counsel received a telephone call from the court coordinator notifying him that Appellant had been returned to Dallas County from TDCJID. Counsel appeared for announcements on August 6, 1997, and obtained a setting on Appellant's motion to dismiss due to a speedy trial violation. The trial court denied that motion following a brief hearing and Appellant entered a plea of guilty pursuant to a plea bargain.

## SPEEDY TRIAL CLAIM

In his sole point of error, Appellant complains that the trial court erred in denying his motion to dismiss the indictment due to lack of a speedy trial.[1] The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment. *Barker v. Wingo,* 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972); *Ramirez v. State,* 897 S.W.2d 428, 431 (Tex.App.—El Paso 1995, no pet.). When analyzing a trial court's decision to grant or deny a speedy trial claim, a reviewing court must balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his speedy trial rights; and (4) any resulting prejudice to the defendant. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191; *Emery v. State,* 881 S.W.2d 702, 708 (Tex.Crim.App.1994). None of the four factors alone is a necessary or sufficient condition to finding a deprivation of the right to a speedy trial. *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193.

### Length of the Delay

To trigger a speedy trial analysis, the defendant has the burden of first demonstrating a delay sufficient in length to be considered presumptively prejudicial under the circumstances of the case. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2192; *Emery,* 881

S.W.2d at 708. The delay is measured from the time the defendant is arrested or formally accused. *Emery,* 881 S.W.2d at 708; *Harris v. State,* 827 S.W.2d 949, 956 (Tex.Crim. App.1992). The defendant meets his burden by showing that the interval between accusation and trial has crossed the threshold dividing ordinary delay from presumptively prejudicial delay. *Doggett v. U.S.,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992). Only then does it become necessary to consider the other three factors in the *Barker* analysis. *Emery,* 881 S.W.2d at 708; *Lott v. State,* 951 S.W.2d 489, 493 (Tex. App.—El Paso 1997, pet. ref'd). Depending on the nature of the charges, delays of eight months or longer are considered presumptively unreasonable and sufficient to trigger a speedy trial analysis. *Doggett,* 505 U.S. at 652 n. 1, 112 S.Ct. at 2691 n. 1; *Harris,* 827 S.W.2d at 956; *Johnson v. State,* 975 S.W.2d 644, 650 (Tex.App.—El Paso 1998, no pet.h.). The grand jury returned the indictment on May 2, 1985, and Appellant did not enter his plea of guilty until October 9, 1997. The State readily concedes that a twelve-year-delay is sufficient to trigger an analysis of the remaining *Barker* factors.

### Reason for the Delay

The State has the initial burden of justifying a lengthy delay. *Emery,* 881 S.W.2d at 708; *Lott,* 951 S.W.2d at 493. In examining the reasons for the delay, different weights should be assigned to different reasons. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192; *Emery,* 881 S.W.2d at 708. Prosecution of the defendant on other charges is a valid reason for delay and does not weigh against the State so long as the amount of delay is appropriate. *Easley v. State,* 564 S.W.2d 742, 745 (Tex.Crim.App.1978); *see Barker,* 407 U.S. at 531, 92 S.Ct. at 2192 (noting that a valid reason for delay, such as a missing witness, serves to justify appropriate delay). On the other hand, a deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the State. *Barker,* 407 U.S. at 531,

1. Appellant does not specify whether he alleges a violation of his right to a speedy trial as embodied in the Sixth Amendment to the United States Constitution or Article I, Section 10 of the Texas Constitution. Because he relies almost exclusively on federal cases, we will assume his claim is based solely on the Sixth Amendment.

92 S.Ct. at 2192; *Emery*, 881 S.W.2d at 708. Delay due to official negligence or overcrowded courts is more neutral in nature and falls somewhere between diligent prosecution and bad-faith delay. *Doggett*, 505 U.S. at 656–57, 112 S.Ct. at 2693; *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. Even though it is weighed more lightly than a deliberate intent to harm the accused's defense, delay due to negligence must nevertheless be considered since the ultimate responsibility for such circumstances must rest with the State rather than with the defendant. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192; *Emery*, 881 S.W.2d at 708.

▆▆▆▆▆ In undertaking the task of assigning weights to the reasons for delay, we must keep in mind the excessiveness of the delay because the presumption that pretrial delay has prejudiced the accused intensifies over time. *See Doggett*, 505 U.S. at 652, 112 S.Ct. at 2691. Thus, the weight we assign to official negligence compounds with the passage of time as the presumption of prejudice grows, and our tolerance of such negligence varies inversely with its protractedness. *Doggett*, 505 U.S. at 657, 112 S.Ct. at 2693. By the same token, failure of the accused to assert his right to a speedy trial or his acquiescence to the delay may diminish the significance of the State's failure to adequately explain the delay. *Parkerson v. State*, 942 S.W.2d 789, 791 (Tex.App.—Fort Worth 1997, no pet.); *see Clarke v. State*, 928 S.W.2d 709, 718 (Tex.App.—Fort Worth 1996, pet. ref'd).

At the dismissal hearing, the trial judge stated that he operated under a policy that once a defendant had a trial in one case, he would provide trials to the other defendants on his docket unless the defendant with multiple cases made a demand for a speedy trial. He noted that Appellant never made such a demand. The parties asked the trial court to take judicial notice of a "yellow sticky" note attached to the docket sheet and believed to have been written by the former court coordinator. The note read: "Got 55 years in (AGG) aggravated on another murder case (not reind).... Lana will see if she can dismiss this one, if not she'll get to it when she can." The trial judge identified "Lana" as Lana McDaniel, a prosecutor assigned to his court at the time. Defense counsel stated in open court without objection that he had not heard from Appellant in ten years and "was under the impression the case had been dismissed."[2] Thus, the record contains evidence of four reasons for the delay: (1) Appellant's prosecution in another murder case; (2) the prosecutor's efforts to determine whether the case could be dismissed following the other conviction; (3) the trial judge's policy in setting jury trials; and (4) official negligence.

While prosecution on other charges is a valid reason for delay, the other murder prosecution explains the delay only until the time of Appellant's 1987 murder conviction. Some additional delay may have then occurred while the prosecutor considered dismissal of the charge, but the record does not affirmatively show when she determined that it would not be dismissed. Even if we assume that the court's policy regarding trial settings legitimately accounts for the ensuing delay until Appellant's case was set for a plea on September 28, 1988, and then for jury trial on September 18, 1989 and October 2, 1989, it does not explain the subsequent eight-year-period which saw absolutely no activity in the case. Given that no docket entries were made during this entire time period and that Appellant's trial counsel believed the case had been dismissed, the only reasonable inference is that this case somehow became lost in the shuffle. At best, then, the remaining eight-year-delay is due to official negligence.

*Assertion of the Right to a Speedy Trial*

▆▆▆▆▆ We must next consider the defendant's responsibility to assert his right to

---

**2.** The parties relied on stipulated evidence and the statements made by both counsel for the State and Appellant in submitting the speedy trial issue to the trial court. Under these circumstances and because the State did not object to counsel's statements or otherwise dispute them, we will accept them as true. *Pitts v. State*, 916 S.W.2d 507, 510 (Tex.Crim.App.1996); *Emerson v. State*, 820 S.W.2d 802 (Tex.Crim.App. 1991); *Canada v. State*, 660 S.W.2d 528 (Tex. Crim.App.1983); *Hicks v. State*, 525 S.W.2d 177 (Tex.Crim.App.1975).

a speedy trial. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. The defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether the defendant was deprived of the right. *Id.* at 531–32, 92 S.Ct. at 2192–93. Conversely, a defendant's failure to assert his right in a timely and persistent manner indicates strongly that he did not really want a speedy trial. *Emery*, 881 S.W.2d at 709; *Harris v. State*, 827 S.W.2d 949, 957 (Tex.Crim.App. 1992); *Lott*, 951 S.W.2d at 495; *see Barker*, 407 U.S. at 534–36, 92 S.Ct. at 2194–95 (defendant's failure to assert right to speedy trial for four years and his acquiescence to continuances indicated that he did not want a speedy trial but was instead hoping to take advantage of the delay and obtain a dismissal following co-defendant's trial); *Harrison v. State*, 843 S.W.2d 157, 160 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd)(defendant consciously chose not to assert right because he hoped case would be dismissed). In such a case, this factor must be weighed against the defendant. *See Harris*, 827 S.W.2d at 957; *Parkerson*, 942 S.W.2d at 791; *Clarke*, 928 S.W.2d at 714; *Sinclair v. State*, 894 S.W.2d 437, 440 (Tex.App.—Austin 1995, no pet.); *Harrison*, 843 S.W.2d at 160.

The State urges that this factor should weigh heavily against Appellant because he failed to assert his right to a speedy trial until he filed his motion to dismiss on September 5, 1997. We agree with the State that waiting twelve years to file a motion to dismiss is neither a timely nor persistent assertion of the right to a speedy trial. Such lassitude would ordinarily make it extremely difficult, if not impossible, for a defendant to prove that his speedy trial right had been denied. However, we believe a closer examination of the facts is warranted. To be sure, Appellant's failure to timely and persistently assert his right to a speedy trial during the initial four-year-delay must be weighed against him because it is a strong indication that he did not really want a trial. Appellant cannot, however, be faulted for failing to assert his right during the subsequent eight years when this case disappeared from the trial court's docket and Appellant's trial counsel mistakenly believed the case had been dismissed. We will take these counter-balancing weights into account when examining all of the factors together.

## Prejudice

 Finally, we must determine whether Appellant suffered prejudice as a result of the delay. Prejudice must be assessed in light of the interests which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Harris*, 827 S.W.2d at 957. The defendant has the initial burden to make a showing of prejudice. *Emery*, 881 S.W.2d at 709.

The record does not reflect whether Appellant was on bond prior to his 1987 conviction. The parties stipulated that Appellant is not eligible for parole in that case until September of 2005. Since Appellant was lawfully incarcerated as a result of his 1987 murder conviction, Appellant experienced, at worst, minimal pretrial incarceration. *See Ramirez*, 897 S.W.2d at 433 (no oppressive pretrial incarceration since defendant was incarcerated on other charges when he committed the offense); *Burton v. State*, 805 S.W.2d 564, 573 (Tex.App.—Dallas 1991, pet. ref'd)(no oppressive pretrial incarceration where defendant was legally confined in another state in connection with other crimes). Although Appellant states in his brief that he suffered prejudice in the form of anxiety as a result of the extensive delay, he offered no evidence to substantiate this allegation. Given that we have excused Appellant's failure to assert his right to a speedy trial during the latter two-thirds of the delay due to a belief that his case had been dismissed, it would be inconsistent to allow him to argue that he suffered undue anxiety as a result of the entire twelve-year-delay. Considering the severity of the charge against him, a certain amount of anxiety while awaiting trial during the first four years is to be expected. Moreover, Appellant's failure to assert his right to a speedy trial during this initial period diminishes his claim of undue anxiety.

Finally, we turn to the third aspect of prejudice. The State argues vigorously that

Appellant's speedy trial claim must fail because he did not offer any evidence that his defense had been impaired as a result of the delay. If this case concerned a lesser delay, we would likely agree that Appellant's failure to make some demonstrable showing of prejudice would cause this factor to be weighted heavily against to his position. However, we understand Appellant to rely, not on actual trial prejudice, but on *Doggett*-type prejudice, that is, presumptive prejudice caused by the excessive delay.

In *Doggett*, the defendant, like Appellant, failed to make any affirmative showing that the six-year-delay weakened his ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence. *Doggett*, 505 U.S. at 655, 112 S.Ct. at 2692. Like the State in this case, the government argued that the absence of such evidence defeated the defendant's speedy trial claim. *Id.* Disagreeing with the government, the Court noted that consideration of prejudice is not limited to the specifically demonstrable, and affirmative proof of particularized prejudice is not essential to every speedy trial claim. *Id. citing Moore v. Arizona*, 414 U.S. 25, 26–27 and n. 2, 94 S.Ct. 188, 189–90 and n. 2, 38 L.Ed.2d 183 (1973), *and Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. As recognized in *Barker*, impairment of one's defense is the most difficult form of prejudice to prove. *Doggett*, 505 U.S. at 655, 112 S.Ct. at 2692–93, *citing Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. Thus, the Court concluded that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or identify. *Doggett*, 505 U.S. at 655, 112 S.Ct. at 2693. While such presumptive prejudice is, standing alone, insufficient to carry a speedy trial claim, it must be considered along with the other relevant criteria, keeping in mind that its importance increases with the length of delay. *Doggett*, 505 U.S. at 655–56, 112 S.Ct. at 2693.

The eight-year-delay in this case caused by the State's negligence exceeds the six-year-delay at issue in *Doggett*. Therefore, Appellant's failure to offer demonstrable evidence of prejudice is not fatal to his claim. We will consider the presumptive prejudice caused by the delay in balancing the *Barker* criteria.

*Balancing the Factors*

 As has been seen in our discussion of the individual factors, this case is unusual in that the twelve-year-delay is actually comprised of two distinct periods, the initial four-year-delay and the remaining period of time. We first recognize that the State offered a valid reason for the first two years of the delay so this portion of the delay does not weigh against the State. With regard to the next two years, the only discernible reason for the delay is the trial court's policy for setting jury trials. This is akin to delay caused by overcrowded courts, and in the context of this initial delay, it is considered a neutral reason. Under ordinary circumstances, we would accord even less weight than usual to this factor because Appellant failed to demand a speedy trial at any time during the initial delay. However, these are not ordinary circumstances. The subsequent eight-year-delay was caused solely by the State's negligence. During this period, Appellant had no reason to request a speedy trial because his trial counsel believed the case had been dismissed. Significantly, then, Appellant did not acquiesce to or cause any portion of that delay. On balance, we find that the reason for the delay factor must be weighed heavily against the State. Under these unique facts, the presumption of prejudice caused by the protracted delay is neither extenuated by Appellant's acquiescence nor persuasively rebutted by the State, and therefore, Appellant's failure to offer proof of actual impairment of his defense is not fatal to his claim. After balancing all of the factors, we find that Appellant's right to a speedy trial was violated. Because the trial court erred in denying Appellant's motion to dismiss, Point of Error No. One is sustained. The judgment of conviction is reversed and the indictment is ordered to be dismissed.