COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 




 
 
  
 HERMINIO LEMUS,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-00-00428-CR
  
 Appeal from the
  
 363rd
 District Court
  
 of Dallas
 County, Texas
  
 (TC#
 F87-99913-W)
 
 




 

                                                                                                                        OPINION                                                                                                                                                      

 

This is an appeal from a conviction
for the offense of possession with intent to deliver cocaine.  Appellant pleaded guilty to the jury and the
jury assessed punishment at life imprisonment and a $250,000 fine.

I.  SUMMARY OF THE EVIDENCE








On August 28, 2000, Appellant filed a
motion to set aside the indictment for failure to afford him his constitutional
right to a speedy trial.  The motion
alleged that Appellant had been prejudiced by the delay in coming to trial
because he suffered oppressive pretrial incarceration, and substantial anxiety
and concern.  He also alleged that he
suffered from diabetes and gout and had been confined to a bed for six (6)
years.  The motion further alleged that, AWhile the State may argue that Herminio Lemus failed to appear
for his initial court setting in 1988; however, Herminio
Lemus argues that the State was not diligent in
securing the apprehension of his person for over ten (10) years.  Herminio Lemus was residing and gainfully employed in Dallas, Texas.@ 
Lastly, the motion stated that Herminio Lemus has been substantially prejudiced in that he had
suffered. 

Trial commenced on the next day after
the filing of the speedy trial motion. 
Prior to voir dire, the following exchange
occurred while pretrial motions were heard:

DEFENSE:     I just need something on the record, if you
set aside the indictment for a speedy trial and a court lineup, your Honor, if
you=re denying it.  

 

COURT:         Okay The Court will deny -- on the record.  The Court will deny the motion to set aside
indictment and also the motion for in-court lineup.

 

No hearing was held on the speedy
trial motion and the jury panel was brought into the courtroom.  Attached to Appellant=s motion to dismiss the indictment on
failure to provide a speedy trial is an order with the word Agranted@ circled.  It is signed by the trial judge.  








During the presentation of the State=s case, Dan Easterwood,
a Texas Department of Public Safety narcotic officer, testified that he had
negotiated a cocaine sale with an individual named Jose Escobar.  On October 29, 1987, Appellant delivered five
kilos of cocaine to Easterwood--half of the
negotiated amount.  Appellant promised to
deliver the remaining five kilos within the hour; however, he was immediately
arrested.  Easterwood
testified before the jury that the street value of the drugs would be about a
million dollars after it was cut.  The
cocaine in Appellant=s possession was 75 percent pure.  He offered the opinion that Appellant was on
the high end of drug trafficking activity due to the amount and purity of the
cocaine.  

It was also revealed at trial that
Appellant had a prior conviction for delivery of cocaine. The offense occurred
on October 29, 1987.  Appellant was
released on a $50,000 bond the next day. 
The indictment was filed on November 18, 1987.  The case was set for December 14, 1987.  Appellant failed to appear in court on
December 14, 1987 and bond forfeiture proceedings were initiated.  On September 12, 1988 a final hearing was
conducted and a nisi judgment was entered for the State.  On November 14, 1988 a motion for new trial
was denied. The next setting for the case was on May 5, 2000.  After that date, the case was passed several
times by agreement until it was called on August 30, 2000.  The judgment reflects that Appellant received
jail time credit from October 29, 1987 to October 31, 1987 and from March 22,
2000 to August 30, 2000.  

II. 
DISCUSSION








In Issue No. One, Appellant maintains
that the court actually granted the motion to dismiss the indictment for lack
of speedy trial; therefore, we should set aside Appellant=s conviction and order his release
from imprisonment.  However, we must
first respond to the State=s contention that Appellant has waived his speedy trial
contentions on appeal due to the Helms rule.  Under this rule, all non-jurisdictional
errors which are independent of, and do not support the judgment rendered are
waived by the entry of a non-negotiated guilty plea.  Young v. State, 8 S.W.3d 656, 666-67
(Tex. Crim. App. 2000).  However, an accused who appropriately raises
a constitutional violation prior to pleading guilty, will not have the issue
foreclosed on appeal.  Id. at
663.  In this instance Appellant pleaded
guilty after the motion was ruled upon and the issue is preserved for
appeal.  

Regarding Appellant=s contention that the court actually
granted his motion to dismiss on speedy trial grounds, we note that the court
orally denied the motion and the parties proceeded to trial without
objection.  All indications in the record
demonstrate that the oral pronouncement is the correct manifestation of the
court=s intention.  If the court had, in fact, granted the
motion, further proceedings would have been forestalled.  Looking at all the evidence in the record, we
view the court=s Agranted@ notation in the order to be a
clerical error.  See Galvan v. State, 995
S.W.2d 764, 765-66 (Tex. App.--San Antonio 1995, no pet.).  Issue No. One is overruled.








In Issue No. Two, Appellant asserts
that the court erred in denying his motion to set aside the indictment for lack
of speedy trial.  The United States
Supreme Court has developed a four‑part balancing test to be used when
determining whether an accused has been denied a speedy trial:  1) the length of the delay; 2) the reason for
the delay; 3) the defendant=s assertion of his speedy trial right; and 4) prejudice to
the defendant from the delay.  Barker
v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).  None of these four factors alone is a
necessary or sufficient condition to finding a deprivation of the right to a
speedy trial.  Barker, 407 U.S. at
533, 92 S.Ct. at 2193.  Review of these individual factors
necessarily involves fact determinations and legal conclusions.  Johnson v. State, 975 S.W.2d 644, 649
(Tex. App.--El Paso 1998, pet. ref=d). 
The balancing test as a whole, however, is a purely legal question.  Id. 
Legal questions are reviewed de novo.  Id. 
Therefore, we, as the reviewing court, must conduct a de novo
review of Appellant's speedy trial claim. 
Id.  However, as the court denied Appellant=s speedy trial motion, we must
presume it resolved all disputed fact issues in the State's favor, and we are
required to defer to any of these implied fact findings that the record supports.  Meyer v. State, 27 S.W.3d 644, 648
(Tex. App.‑-Waco 2000, pet. ref=d).  Further, no hearing was held on Appellant=s motion and no evidence
directly related to his speedy‑trial claim was presented.  Thus, his ability to present his claim to us
is severely handicapped by the lack of a record on which to present his
arguments.  Id.  

Regarding the first
factor, length of delay, there must be enough of a delay to be presumptively
prejudicial to the defendant before it becomes necessary to consider the other
three factors in the Barker analysis. 
Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim.
App. 1994); Johnson, 975 S.W.2d at 649-50.  Courts generally hold that any delay of eight
months or longer is presumptively unreasonable and triggers the speedy trial
analysis.  In this instance, the State
concedes that a delay of this length is sufficient to require an appellate
court to consider the remaining factors.








The State bears the
initial burden of justifying the reasons for a lengthy delay.  Johnson, 975 S.W.2d at 650; Lott v.
State, 951 S.W.2d 489, 493 (Tex. App.--El Paso 1997, pet. ref=d).  In examining the delay, different weights
should be assigned to different reasons. 
Johnson, 975 S.W.2d at 650. 
A deliberate attempt to delay the trial in order to hamper the defense
should be weighed heavily against the State. 
Id.  Reviewing courts
should weigh neutral reasons, such as negligence or overcrowded dockets, less
heavily but nevertheless ultimate responsibility for such circumstances rests
with the State rather than with the defendant. 
Id.  In light of a silent
record or one containing reasons insufficient to excuse the delay, it must be
presumed that no valid reason existed.  Lott,
951 S.W.2d at 493.  However, we review
the entire record to determine whether the State has rebutted this
presumption.  While the State presented
no explanation of their delay as there was no hearing, a direct explanation is
not always required although it may be the better practice to do so.  Johnson, 975 S.W.2d at 650.

In this instance, the
only evidence before us is that Appellant failed to appear for court and was
then absent from the court system for thirteen years.  There is nothing to indicate what efforts the
State undertook to apprehend Appellant or if he was actively avoiding
apprehension.[1]  We weigh this factor against the State.








Regarding the assertion
of the right to a speedy trial, failure of the accused to assert his right to a
speedy trial or his acquiescence to the delay may diminish the significance of
the State's failure to adequately explain the delay.  Thompson v. State, 983 S.W.2d 780
(Tex. App.--El Paso 1998, pet. ref=d); Parkerson
v. State, 942 S.W.2d 789, 791 (Tex. App.‑‑Fort Worth 1997, no
pet.).  An accused=s lack of a timely trial
demand for a speedy trial strongly indicates that he did not really want a
speedy trial.  Harris v. State, 827
S.W.2d 949, 957 (Tex. Crim. App. 1992).  Further, Appellant's request for a dismissal
instead of a speedy trial attenuates his claim because it shows a desire to
have no trial instead of a speedy trial. 
Id.  Appellant=s first assertion of his
right to a speedy trial was filed as a request for dismissal the day before
trial commenced.  As there is nothing
before us to indicate any mitigating factor in Appellant=s failure to assert his right
to a speedy trial, we weigh this factor heavily against Appellant. 

In determining whether
Appellant suffered prejudice, the reviewing court looks to whether the
interests for which the speedy trial was designed were affected:  (1) to prevent oppressive pretrial
incarceration; (2) to minimize anxiety and concern of the accused; and (3) to
limit the possibility that the defense will be impaired.  Id. at 957.  The defendant has the initial burden to make
a showing of prejudice.  Emery, 881
S.W.2d at 708.  

Regarding excessive
pretrial incarceration the sole evidence before us indicates an approximate
period of five (5) months= incarceration.  Even though the record reflects that period
of incarceration, we cannot determine from the evidence in the record when or
how long Appellant was actually incarcerated. 
It is not possible for us to say whether he was prejudiced by any such
incarceration.  See Floyd v. State,
959 S.W.2d 706, 711 (Tex. App.--Fort Worth 1998, no pet.).  The sole evidence of anxiety and concern is
the mere statement in his motion that he suffered, Asubstantial anxiety and
concern.@  However, there is no indication in the record
how this anxiety and concern effected him to his prejudice.  Id. 
Regarding the possibility that his defense was impaired, the record
is totally devoid of any such evidence. 
However, excessive delay presumptively compromises the reliability of a
trial in ways that neither party can prove or identify.  Thompson, 983 S.W.2d at 786.  We note that, in this case, Appellant was
caught openly delivering a large amount of cocaine to an undercover officer and
we do not attach great weight to the presumption.  








Considering all the
factors and applying the appropriate balancing test, we find no denial of
Appellant's right to a speedy trial. 
Issue No. Two is overruled.

Having overruled each of
Appellant=s issues, we affirm the
judgment of the trial court.

October 17, 2002

 

 

 

                                                                                                                                                RICHARD
BARAJAS, Chief Justice

 

 

Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.

 

(Do Not Publish)

 











[1]  At arguments
during the punishment stage of trial, State=s counsel
argued to the jury that Appellant Aby his
own actions@ ably Aavoided@
prosecution.  In response, Appellant=s counsel argued that Appellant had made a choice not
to go to trial and that he had not been arrested until he was found.  Counsel went on to say that he assumed
Appellant had been in Dallas.  We do not
find that these arguments add much weight to either sides position.