COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JAMES DONALD SMITH,                                  )

                                                                              )              
No.  08-03-00301-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 409th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20030D01485)

                                                                              )

 

 

O
P I N I O N

 

Appellant James
Donald Smith was charged by indictment with one count of aggravated sexual
assault of a child and three counts of indecency with a child.  Appellant plead guilty to count four,
indecency with a child, and true to the enhancement paragraphs and the
remaining counts were dismissed. 
Pursuant to a plea agreement, the trial court sentenced Appellant to 25
years imprisonment in the Institutional Division of the Texas Department of
Criminal Justice.  Appellant timely filed
a notice of appeal.  The trial court
certified that this is a plea bargain case, but Appellant has the right of
appeal as to matters that were raised by written motion filed and ruled on
before trial.  On appeal, Appellant
challenges the trial court=s
denial of his pretrial motion to dismiss for lack of speedy trial.  Finding no violation of Appellant=s right to a speedy trial, we affirm.








Appellant was
arrested on June 6, 2002.  On July 24,
2002, Appellant filed a motion requesting an examining trial.  Appellant was indicted under the original
cause number 20020D03468 on July 25, 2002 and arraigned on August 21,
2002.  The case was set for a jury trial
on November 22, 2002.  Appellant filed a
motion for speedy trial on January 23, 2003. 
On February 4, 2003, the case was re-indicted under cause number
20030D00518 with an enhancement paragraph. 
Appellant was arraigned under the new cause number on February 26,
2003.  Appellant filed a motion for
speedy trial on March 19, 2003.  The case
was then set for 28.01 motions on April 11, 2003 and set for a jury trial on
May 30, 2003.  On March 20, 2003, the
case was re-indicted as cause number 20030D01485 and the State added the
aggravated sexual assault count.  On
April 25, 2003, Appellant filed a motion to dismiss for failure to provide a
constitutional speedy trial.  After
conducting a hearing on June 5, 2003, the trial court denied Appellant=s speedy trial claim, but set the
matter to proceed on the following morning. 
On June 6, 2003, Appellant waived his right to a jury trial and plead
guilty to count four, indecency with a child, enhanced by two prior
convictions.  In accordance with the plea
agreement, Appellant was sentenced to twenty-five years=
imprisonment.

RIGHT
TO SPEEDY TRIAL

In his sole issue,
Appellant argues the trial court erred by denying his motion to dismiss for
lack of constitutional speedy trial.








The right to a
speedy trial is guaranteed by the federal and Texas constitutions.  See U.S.
Const. amends. VI, XIV; Tex.Const.
art. I, ' 10; Klopfer
v. North Carolina, 386 U.S. 213, 223-24, 87 S.Ct. 988, 993-94, 18 L.Ed.2d 1
(1967); Hull v. State, 699 S.W.2d 220, 221 (Tex.Crim.App. 1985).  On review, we must balance four factors when
analyzing the trial court=s
decision to grant or deny a speedy trial claim: 
(1) the length of delay; (2) the reason for the delay; (3) the defendant=s assertion of the right; and (4) any
resulting  prejudice to the
defendant.  Barker v. Wingo, 407
U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); Emery v. State,
881 S.W.2d 702, 708 (Tex.Crim.App. 1994). 
No single factor is a necessary or sufficient condition to the finding
of a deprivation of the right of speedy trial. 
Barker, 407 U.S. at 533, 92 S.Ct. at 2193.  Rather, the factors are related and must be
considered together along with other circumstances as may be relevant.  Id.

We apply a
bifurcated standard of review:  an abuse
of discretion standard for the factual components and a de novo standard
for the legal components.  Zamorano v.
State, 84 S.W.3d 643, 648 (Tex.Crim.App. 2002).  This means, we independently weigh and
balance the Barker factors, but we presume the trial court resolved any
disputed fact issues in a manner that supports its ruling.  See id.; State v. Munoz, 991
S.W.2d 818, 821 (Tex.Crim.App. 1999).  

Length
of Delay








The first Barker
factor, the length of delay, is measured from the time the defendant is
arrested or formally accused.  United
States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 459-60, 30 L.Ed.2d 468
(1971); Shaw v. State, 117 S.W.3d 883, 889 (Tex.Crim.App. 2003); Emery,
881 S.W.2d at 708.  The length of delay
acts as a triggering mechanism and unless the delay is presumptively
prejudicial, courts need not consider the other three factors.  Zamorano, 84 S.W.3d at 648; Dragoo
v. State, 96 S.W.3d 308, 313-14 (Tex.Crim.App. 2003).  AIf
the accused makes this showing, the court must then consider, as one factor
among several, the extent to which the delay stretches beyond the bare minimum
needed to trigger judicial examination of the claim.@  Dragoo, 96 S.W.3d at 314, quoting
Doggett v. United State, 505 U.S. 647, 652, 112 S.Ct. 2686, 2686, 120
L.Ed.2d 520 (1992).  The presumption that
pretrial delay has prejudiced the accused intensifies over time, thus the
longer the delay beyond that which is ordinary, the more prejudicial that delay
is to the defendant.  Zamorano, 84
S.W.3d at 649.  In general, courts have
deemed delay approaching one year to be unreasonable enough to trigger
consideration of all the Barker factors. 
Dragoo, 96 S.W.3d at 314.

Appellant was
arrested on June 6, 2002, and plead guilty on June 6, 2003, exactly one year
after his arrest.  This delay is
sufficient to trigger the Barker inquiry.  This factor weighs in favor of Appellant.

Reason
for Delay

The State has the
initial burden of justifying a lengthy delay. 
Emery, 881 S.W.2d at 708. 
Reasons for the delay are weighted differently.  Munoz, 991 S.W.2d at 822.  A deliberate attempt to delay a trial is
weighed heavily against the State, while more neutral reasons, such as
negligence or overcrowded dockets, are weighed less heavily.  Id. 
If the record is silent regarding the reason for the delay, we may
presume neither a valid reason nor a deliberate attempt to prejudice the
defense.  Dragoo, 96 S.W.3d at
314.  








Here, the record
is silent as to the reason for the one-year delay in this case.  The State offered no evidence at the motion
hearing.  At the hearing, Appellant=s counsel and the trial judge agreed
that the case files did not contain any motions for continuance from the
State.  Appellant=s
counsel argued that the delay was primarily because of the State re-indicting
the case.  The record does not indicate
any objection to the dismissals and re-indictments.  We conclude the record is silent as to
reasons for the delay and presume neither a valid reason nor a deliberate
attempt by the State to delay Appellant=s
trial.  This factor weighs against the
State, but not heavily so.  See Dragoo,
96 S.W.3d at 314.

Assertion
of Right to Speedy Trial

Next, we consider
the defendant=s
responsibility to assert his right to a speedy trial.  Barker, 407 U.S. at 531, 92 S.Ct. at
2192.  Assertion of the right is entitled
to strong evidentiary weight in determining whether the defendant was deprived
of the right.  Id. at 531-32, 92
S.Ct. at 2192-93.  Failure to assert the
right in a timely and persistent manner will make it difficult for a defendant
to prove that he was denied a speedy trial. 
Id. at 532, 92 S.Ct. at 2193; see also Thompson v. State,
983 S.W.2d 780, 785 (Tex.App.--El Paso 1998, pet. ref=d).  This failure weighs more heavily against the
defendant as the delay gets longer; the longer the delay, the more likely a
defendant who really wants a speedy trial would take some action to obtain
it.  Dragoo, 96 S.W.3d at
314.  A defendant=s
lack of a timely demand for a speedy trial strongly indicates that he did not
really want a speedy trial.  Harris v.
State, 827 S.W.2d 949, 957 (Tex.Crim.App. 1992); Thompson, 983
S.W.2d at 785.  Further, seeking a
dismissal rather than a prompt trial, is clearly relevant and may attenuate the
strength of a speedy trial claim.  Phillips
v. State, 650 S.W.2d 396, 401 (Tex.Crim.App. 1983).








Here, Appellant
filed several motions for speedy trial and a motion to dismiss for lack of
speedy trial.  Appellant also testified
at the hearing that at various times he wrote to the trial judge, asking for
the court to give him a speedy trial.  At
the hearing, Appellant requested that the case be dismissed for lack of speedy
trial.  Appellant acknowledged that the
case was set for the following day, but asserted that the delay had already
caused Ainterminable
harm.@  We observe that Appellant sought and obtained
a hearing on his motion to dismiss, but did not seek or obtain hearings on his
speedy trial motions.[1]  This suggests that Appellant wanted a
dismissal, not a speedy trial, and weakens his speedy-trial claim.  Under these circumstances, we find that this
factor weighs at least slightly against Appellant.  

Prejudice
Resulting from Delay

The final Barker
factor focuses on the prejudice, if any, the defendant has suffered as a result
of the delay.  Barker, 407 U.S. at
532, 92 S.Ct. at 2193.  The defendant has
the initial burden to make a showing of prejudice.  Emery, 881 S.W.2d at 709.  Prejudice should be assessed in light of the
interests a speedy trial is designed to protect.  Barker, 407 U.S. at 532, 92 S.Ct. at
2193.  These interests are: (1)
preventing oppressive pretrial incarceration; (2) minimizing anxiety and
concern of the accused; and (3) limiting the possibility that the defense will
be impaired.  Id.  Of these three, the most serious is the last,
because the inability of the defendant to prepare a defense skews the fairness
of the entire system.  Id.








At the hearing,
Appellant testified that he was arrested on June 6, 2002 on the initial charge
of indecency with a child, never made bond on this case, and has been
incarcerated since the date of arrest. 
Appellant did not ask for a continuance in this case and wanted to try
the case as soon as possible.  While
incarcerated, Appellant obtained psychiatric care at the jail and was currently
taking antidepressants and insomnia medication. 
Specifically, Appellant stated that Asince
this allegation has gone on, I=ve
had to get psychiatric care with the Medical Department at the jail, and at
this time I=m taking
antidepressants as well as insomnia medication.@  His testimony suggests that he may have
suffered anxiety due to the delay or may have sought treatment for a
pre-existing condition.

Appellant also
testified that his brother, Alton Anderson, would have been available to
testify as a witness at trial on November 22, 2002, but was no longer
available.  To show his defense was
prejudiced by a missing witness, the defendant must demonstrate that the
witness was unavailable at the time of trial, that the witness=s testimony may be relevant and
material to his defense, and that he exercised due diligence in an attempt to
locate the missing witness at the time of trial.  See Phipps v. State, 630 S.W.2d 942,
947 (Tex.Crim.App. 1982); Johnson v. State, 975 S.W.2d 644, 652
(Tex.App.--El Paso 1998, pet. ref=d).

Appellant told the
court that he had spoken to Mr. Anderson at the time and had told him that he
would need him to testify because he was the only other adult at the
house.  Appellant stated that Mr.
Anderson=s
testimony was relevant to the child witness=s
credibility because A[t]hese
kids lacked a lot of discipline, so he was definitely a witness to the
atmosphere that was going on in the house, as well as to the behavior of the
kids at the time.@  Appellant no longer knew Mr. Anderson=s whereabouts.  He had asked another brother to try and find
him, but Mr. Anderson was Aaccustomed
to going off and not being available for some time.@  The court asked Appellant if Mr. Anderson was
subpoenaed for the November 22 trial date. 
Appellant=s counsel
informed the court that no subpoenas were issued, but Mr. Anderson was aware of
the court date.  Mr. Anderson was last
seen by family members around Christmas of 2002.








In this case,
Appellant testified that Mr. Anderson was a missing credibility witness at the
time of trial.  However, there is nothing
in the record on the child witness=s
anticipated testimony.  Further,
Appellant failed to establish that Mr. Anderson=s
testimony would have been material to his defense.  We conclude that the fourth Barker
factor weighs against Appellant.

Balancing
the Factors

We now balance the
four Barker factors to determine whether Appellant=s right to a speedy trial was
violated.  The one-year delay and absence
of a reason for the delay weigh in Appellant=s
favor.  Weighing against a finding of a
speedy trial violation are Appellant=s
attempt to obtain a dismissal, but only slightly, and Appellant=s failure to make a prima facie showing
of prejudice, which weighs heavily against finding a violation.  Balancing these factors, we conclude
Appellant=s right
to a speedy trial was not violated in this case.  Accordingly, the trial court did not err in
denying Appellant=s motion
to dismiss for lack of a speedy trial. 
We overrule Appellant=s
sole issue for review.

The trial court=s judgment is affirmed.

 

 

 

November
30, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
The record indicates that the June 5, 2003 hearing was for Appellant=s motion to dismiss for failure to
provide constitutional speedy trial.  The
trial court, however, was aware that attorneys for Appellant had also filed a
motion for speedy trial.  When Appellant=s counsel rested, he stated, AWe would like to point out our points
concerning the reason we believe this should be dismissed for lack of speedy
trial.@  After presenting his argument, Appellant=s counsel stated, Awe believe that this motion should be
granted and this case should be dismissed with prejudice.@ 
In making its ruling, the trial court stated, AThe
Court, based on the evidence today, is going to deny the motion for speedy
trial.@  After reviewing the record, we believe the
motion to dismiss was the pleading at issue at the hearing and the motion upon
which Appellant obtained an adverse ruling.