COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MARTHA PALACIOS,                                        )

                                                                              )              
No.  08-04-00261-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
409th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20020D05079)

                                                                              )

 

 

O
P I N I O N

 

Appellant Martha
Palacios was charged by indictment with six counts of injury to a child.  A jury found her guilty of counts I, III, and
IV and assessed punishment at 10 years=
imprisonment, and a fine of $10,000, probated to 10 years= of community supervision.  In her sole issue, Appellant challenges the
trial court=s denial
of her motion to dismiss the prosecution for lack of speedy trial.  Though troubled by the process, we ultimately
find no violation of Appellant=s
right to a speedy trial and we must affirm.








On October 9,
2002, Appellant was indicted with six counts of injury to a child.  A jury trial was initially set for February
14, 2003.  The jury trial was reset for
April 25, 2003.  It was reset for July
18, 2003, then moved to September 12, 2003, and then postponed for a fifth time
to December 5, 2003.  On December 5,
2003, the trial court entered an order specially setting the jury trial for
March 26, 2004.  On February 18, 2004,
Appellant filed a motion to dismiss for failure to provide speedy trial.  On March 26, 2004, the trial court again
rescheduled and specially set the jury trial for July 16, 2004.  On March 30, 2004, Appellant amended her
motion to dismiss, noting that she had requested a special setting for March
26, but the trial was rescheduled for July 16. 
On July 16, the trial court requested announcements of counsel and
pretrial motions.  The trial court
proceeded to conduct a hearing on Appellant=s
pending motion to dismiss.

During the
hearing, Appellant alleged that there had been several trial settings in which
the State had announced Anot
ready@ or did
not announce ready to the court to proceed with the case.  Appellant stated that she had never asked for
a continuance in the case and had been ready at each trial setting.  Appellant also asserted that she was
prejudiced by the delay, arguing that:

The prejudice in this
case to my clients, Judge, is that in the past, we had brought witnesses to
testify on their behalf.  I had brought a
psychologist that has dealt with the kids who was ready and willing to testify
to the veracity of these children, what they=re
saying.

 

Basically, we cannot
locate this individual that was an aunt, also, who had dealt with one of these
kids, who we cannot locate.  So because
of the passage of time, we basically have not been able to get those witnesses.

 

Appellant requested dismissal of the
prosecution because of the delay.

In response, the
State argued that it had never filed a continuance in the case nor had it ever
announced Anot ready@ for trial.  According to the State, the case was reset
because other cases had been specially set for jury trial settings on the same
dates.  The trial court denied the motion
to dismiss for lack of speedy trial.  The
case proceeded to trial on July 19, 2004.








The right to a
speedy trial is guaranteed by the federal and Texas constitutions.  See U.S.Const.
Amends. VI, XIV; Tex.Const.
art. I, ' 10; Klopfer
v. State of North Carolina, 386 U.S. 213, 223-24, 87 S.Ct. 988, 993-94, 18
L.Ed.2d 1 (1967); Hull v. State, 699 S.W.2d 220, 221 (Tex.Crim.App.
1985).  On review, we must balance four
factors when analyzing the trial court=s
decision to grant or deny a speedy trial claim: 
(1) the length of delay; (2) the reason for the delay; (3) the defendant=s assertion of his/her right; and (4)
any resulting  prejudice to the
defendant.  Barker v. Wingo, 407
U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); Emery v. State,
881 S.W.2d 702, 708 (Tex.Crim.App. 1994). 
No single factor is a necessary or sufficient condition to the finding
of a deprivation of the right of speedy trial. 
Barker, 407 U.S. at 533, 92 S.Ct. at 2193.  Rather, the factors are related and must be
considered together along with other circumstances as may be relevant.  Id.

We apply a
bifurcated standard of review:  an abuse
of discretion standard for the factual components and a de novo standard
for the legal components.  Zamorano v.
State, 84 S.W.3d 643, 648 (Tex.Crim.App. 2002).  This means we independently weigh and balance
the Barker factors, but we presume the trial court resolved any disputed
fact issues in a manner that supports its ruling.  See id.; State v. Munoz, 991
S.W.2d 818, 821 (Tex.Crim.App. 1999). 
Stated differently, we review legal issues de novo but give
deference to a trial court=s
resolution of factual issues, including deference to the trial court=s drawing of reasonable inferences from
the facts.  Kelly v. State, 163
S.W.3d 722, 726 (Tex.Crim.App. 2005).

Length
of Delay








The first Barker
factor, the length of delay, is measured from the time the defendant is
arrested or formally accused.  United
States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468
(1971); Shaw v. State, 117 S.W.3d 883, 889 (Tex.Crim.App. 2003); Emery,
881 S.W.2d at 708.  The length of delay
acts as a triggering mechanism and unless the delay is presumptively
prejudicial, courts need not consider the other three factors.  Zamorano, 84 S.W.3d at 648; Dragoo
v. State, 96 S.W.3d 308, 313-14 (Tex.Crim.App. 2003).  AIf
the accused makes this showing, the court must then consider, as one factor
among several, the extent to which the delay stretches beyond the bare minimum
needed to trigger judicial examination of the claim.@  Dragoo, 96 S.W.3d at 314, quoting
Doggett v. United States, 505 U.S. 647, 652, 112 S.Ct. 2686, 2691, 120
L.Ed.2d 520 (1992).  The presumption that
pretrial delay has prejudiced the accused intensifies over time, thus the
longer the delay beyond that which is ordinary, the more prejudicial that delay
is to the defendant.  Zamorano, 84
S.W.3d at 649.  In general, courts have
deemed delay approaching one year to be unreasonable enough to trigger
consideration of all the Barker factors. 
Dragoo, 96 S.W.3d at 314; Shaw, 117 S.W.3d at 889.

Appellant alleges
that she was arrested on April 25, 2002. 
The record shows that she was indicted on October 9, 2002.  Appellant was tried in July 2004.  The State concedes that the delay from
indictment to trial was long enough to be presumptively prejudicial.  We agree that this delay is sufficient to
trigger the Barker inquiry.  This
factor weighs heavily in favor of Appellant. 
See Zamorano, 84 S.W.3d at 649 (finding that where length
of delay stretched well beyond bare minimum needed to trigger judicial
examination, this factor in and of itself, weighs heavily against the State).

Reason
for Delay








The State has the
initial burden of justifying a lengthy delay. 
Emery, 881 S.W.2d at 708; Lott v. State, 951 S.W.2d 489,
493 (Tex.App.--El Paso 1997, pet. ref=d).  Reasons for the delay are weighted
differently.  Munoz, 991 S.W.2d at
822.  A deliberate attempt to delay a
trial is weighed heavily against the State, while more neutral reasons, such as
negligence or overcrowded dockets, are weighed less heavily.  Munoz, 991 S.W.2d at 822.  If the record is silent regarding the reason
for the delay, we may presume neither a valid reason nor a deliberate attempt
to prejudice the defense.  Dragoo,
96 S.W.3d at 314.

Appellant=s case was reset six times before it
proceeded to trial.  At the hearing, the
State=s
explanation suggested that the reason for the delay was an overcrowded docket,
in which other cases were specially set for the same trial dates.  The State, however, argued that it was
prepared to proceed to trial at each trial setting.  Appellant does not claim the State
deliberately attempted to delay her trial nor is there evidence of deliberate
delay.  We find this factor must be
weighed against the State, but not heavily. 
See Dragoo, 96 S.W.3d at 314.

Assertion
of Right to Speedy Trial








Next, we consider
the defendant=s
responsibility to assert her right to a speedy trial.  Barker, 407 U.S. at 531, 92 S.Ct. at
2192.  Assertion of the right is entitled
to strong evidentiary weight in determining whether the defendant was deprived
of the right.  Id. at 531-32, 92
S.Ct. at 2192-93.  Failure to assert the
right in a timely and persistent manner will make it difficult for a defendant
to prove that she was denied a speedy trial. 
Id. at 532, 92 S.Ct. at 2193; see also Thompson v. State,
983 S.W.2d 780, 785 (Tex.App.--El Paso 1998, pet. ref=d).  This failure weighs more heavily against the
defendant as the delay gets longer; the longer the delay, the more likely a
defendant who really wants a speedy trial would take some action to obtain it.  Dragoo, 96 S.W.3d at 314.  A defendant=s
lack of a timely demand for a speedy trial strongly indicates that she did not
really want a speedy trial.  Harris v.
State, 827 S.W.2d 949, 957 (Tex.Crim.App. 1992); Thompson, 983
S.W.2d at 785.  Further, seeking a
dismissal rather than a prompt trial, is clearly relevant and may attenuate the
strength of a speedy trial claim.  Phillips
v. State, 650 S.W.2d 396, 401 (Tex.Crim.App. 1983).

Here, Appellant
filed a motion to dismiss for failure to provide a speedy trial on
February 18, 2004, approximately sixteen months after indictment.  While this delay might normally suggest that
a defendant did not really want a speedy trial, there are particular
circumstances in this case that undermine such a conclusion.  A jury trial was initially set for February
14, 2003.  In fact, Appellant filed
various pretrial motions in December 2002, including a motion to suppress
evidence, in preparation for trial.  The
trial court cancelled the trial setting and rescheduled it for April 25,
2003.  The trial court cancelled again
and reset for July 18, 2003,  then reset
for September 12, and then reset for December 5, 2003.  On December 5, 2003, the trial court
cancelled the trial setting yet again and rescheduled it for March 26, 2004,
which Appellant had requested as a special setting.  It was at that point that Appellant filed a
motion to dismiss for failure to provide speedy trial.  At the motion hearing, Appellant represented
that she was ready at every trial setting and never requested a continuance,
yet the trial court cancelled the trial every time.  Under such circumstances, we find it
difficult to lay blame upon Appellant for attempting to proceed with her case
at every trial setting, rather than asserting a speedy trial claim with each
upcoming trial setting.








On March 30, 2004,
Appellant amended her motion to dismiss when the trial court yet again
cancelled trial and reset the trial setting for July 16.  Even when Appellant asserted her speedy trial
claim, the trial court cancelled and reset trial for a sixth time.  In our minds, this raises serious doubt that
she would have met a different result if she had asserted her claim earlier.  Given the particular circumstances presented
in this case, we find that this factor weighs slightly in Appellant=s favor.

Prejudice
Resulting from Delay

The final Barker
factor focuses on the prejudice, if any, the defendant has suffered as a result
of the delay.  Barker, 407 U.S. at
532, 92 S.Ct. at 2193.  The defendant has
the initial burden to make a showing of prejudice.  Emery, 881 S.W.2d at 709.  Prejudice should be assessed in light of the
interests a speedy trial is designed to protect.  Barker, 407 U.S. at 532, 92 S.Ct. at
2193.  These interests are:  (1) preventing oppressive pretrial
incarceration; (2) minimizing anxiety and concern of the accused; and (3)
limiting the possibility that the defense will be impaired.  Id. 
Of these three, the most serious is the last, because the inability of
the defendant to prepare a defense skews the fairness of the entire
system.  Id.  When the defendant makes a prima facie showing
of prejudice, the burden shifts to the State to show that the defendant
suffered Ano
serious prejudice beyond that which ensued from the ordinary and inevitable
delay.@  Munoz, 991 S.W.2d at 826, quoting
Ex parte McKenzie, 491 S.W.2d 122, 123 (Tex.Crim.App. 1973).  In some cases, the delay may be so excessive
so as to be presumptively prejudicial.  Guajardo
v. State, 999 S.W.2d 566, 570 (Tex.App.--Houston [14th Dist.] 1999, pet.
ref=d), citing Doggett, 505 U.S. at
654-57, 112 S.Ct. at 2691-94.  Yet even
the case where the delay is presumptively prejudicial, the defendant must
nevertheless show that she has been prejudiced by the delay.  Id.








It is undisputed
that Appellant was not incarcerated while awaiting trial.  Thus, the first consideration is not
significant.  With regard to the second,
Appellant did not allege in her motions or at the hearing that she suffered any
anxiety.  On appeal, Appellant claims
that she was prejudiced to some extent by living for years under a cloud of
suspicion and anxiety.  However, there is
no evidence that the delay caused her anxiety and concern beyond what would
ordinarily result from being arrested and charged with a serious offense.  See Shaw, 117 S.W.3d at 890 (no
evidence that delay caused any unusual anxiety or concern, i.e., any anxiety or
concern beyond the level normally associated with being charged with a felony).

We next consider
the most important factor, the possibility of a delay impairing the
defense.  Appellant claims that it became
difficult to convince and locate witnesses to testify on her behalf because the
continuous postponements and the long delay of her case.  Specifically, Appellant argues that her
defense was impaired because she was unable to locate two witnesses, a
psychologist and an aunt.  Where the
basis for prejudice is witness unavailability, a defendant must demonstrate
that:  (1) the witness was unavailable at
the time of trial; (2) the witness=s
testimony may be relevant and material to her defense; and (3) the defendant
exercised due diligence in an attempt to locate the witness at the time of
trial.  See Phipps v. State, 630
S.W.2d 942, 947 (Tex.Crim.App. 1982); Johnson v. State, 975 S.W.2d 644,
652 (Tex.App.--El Paso 1998, pet. ref=d).  The following was the extent of Appellant=s argument concerning the prejudice
resulting from the delay:

The prejudice in this
case to my clients[1],
Judge, is that in the past, we had brought witnesses to testify on their
behalf.  I had brought a psychologist
that has dealt with the kids who was ready and willing to testify to the
veracity of these children, what they=re
saying.

 

Basically, we cannot
locate this individual that was an aunt, also, who had dealt with one of these
kids, who we cannot locate.  So because
of the passage of time, we basically have not been able to get those witnesses.

 








While Appellant argued that the
psychologist would have testified as to veracity of the children, she failed to
demonstrate that the psychologist=s
testimony would have been relevant and material, and thus, favorable to the
defense.  Further, Appellant did not
offer any evidence as to the content of the aunt=s
testimony or whether it was material to her defense.  Appellant also failed to offer any evidence
to show she exercised due diligence in attempting to locate the missing
witnesses at the time of trial.  See
Harris v. State, 489 S.W.2d 303, 308 (Tex.Crim.App. 1973)(defendant could
not show that his defense was impaired where defendant failed to offer any
evidence on his attempts to find the potential witnesses or evidence that they
were material or relevant).  We conclude
that the fourth Barker factor weighs heavily against Appellant.

Balancing
the Factors

We now balance the
four Barker factors to determine whether Appellant=s right to a speedy trial was
violated.  Although there was a lengthy
delay in this case, the reasons for the delay do not weigh heavily against the
State.  While Appellant asserted her
right to a speedy trial and was subject to many unexplained trial resettings,
she wholly failed to demonstrate that she was prejudiced by the delay that
ensued.  Balancing these factors, we
conclude that the weight of the factors is against finding a violation of
Appellant=s right
to a speedy trial.  Appellant=s sole issue is overruled.

The trial court=s judgment is affirmed.

 

 

 

October
20, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Publish)











[1]
Appellant was tried with her husband, Roman, as a codefendant.