Jose Enriquez LOPEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–073–CR.

Court of Appeals of Texas,
Corpus Christi.

May 26, 1983.

Rehearing Denied June 16, 1983.

Discretionary Review Refused
Nov. 16, 1983.

James Folsom, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

The appellant stands convicted of the offense of burglary of a habitation. Tex.Penal Code Ann. 30.02 (Vernon 1974). The jury found appellant guilty of the burglary and also found that he had once before been convicted of a felony. They assessed his punishment at 40 years in the Texas Department of Corrections.

Sometime between July 19 and July 21, 1979, the Corpus Christi residence of Bill and Mary Miller was burglarized. The victims were away on vacation, and the crime was discovered by their daughter who came by to collect their mail. Entry to the house was gained by removing the glass from a window which was hidden from the street. A fingerprint expert testified that, in his opinion, the intruder was wearing gloves at the time of the entry.

Among the items taken from the house were a stereo set with a pair of speakers and a set of keys to a 1979 blue Oldsmobile Cutlass, license number TTX–516. Mr. Miller testified that there were two sets of keys to the car. He had one set in his possession. The other was with a number of other keys on a large ring which was also taken in the burglary. The Oldsmobile, parked at the residence, was also stolen. Mr. Miller stated that items normally stored in the Oldsmobile trunk, such as a cardboard box containing a blanket and jumper cables, had been removed from the trunk and left behind by the thief.

On August 5, 1979, a little more than two weeks after the discovery of the burglary, the appellant was stopped for speeding while driving northbound on Interstate 37 between Corpus Christi and San Antonio. Appellant was arrested after he was unable to display a valid Texas driver's license. The automobile appellant was driving at the time of his arrest was the Miller Oldsmobile stolen from their residence. The car bore license plates stolen from another vehicle. Under the front seat of the car, the officers found a crowbar, a glass cutter, a flashlight and a pair of gloves. The Millers testified at trial that these items did not belong to them. A subsequent search of the car's trunk revealed, among other items, a Fisher stereo speaker, record adapter-accessory for a stereo turntable, and a knob from a Marantz stereo receiver. Mr. Miller identified all these items as being of the same brands and types as those taken from his residence in the burglary.

The police officer who returned the Oldsmobile to Corpus Christi from Live Oak County where it was impounded testified that he used the keys which were in the vehicle.

When first asked about ownership of the car, the appellant was silent. Upon a second request for an explanation, appellant told the officers that the Oldsmobile belonged to his girlfriend and that she had given him permission to drive it. He refused to identify the woman who he claimed owned the car.

In his first ground of error, appellant charges that the circumstantial evidence is insufficient to support his conviction. It is an accepted rule of law in this State that evidence showing a burglary, coupled with evidence that the accused was found in unexplained, personal possession of property recently taken in such burglary will sustain a conviction for the burglary. *Thompson v. State,* 615 S.W.2d 760 (Tex.Cr. App.1981); *Pulido v. State,* 503 S.W.2d 578 (Tex.Cr.App.1974). In this case, the State must rely upon appellant's possession of the items discussed above to connect the appellant to the offense charged. Appellant argues that the State cannot rely upon his possession of the Miller automobile because of the "explanation" of his acquisition to which one of the arresting officers testified. Once it is shown that an explanation of

honest acquisition was proffered when the accused's possession of recently stolen property was first challenged, the prosecution must refute such explanation as false or unreasonable in order to use such possession as evidence of the burglary. *Prodan v. State,* 574 S.W.2d 100, 102 (Tex.Cr.App. 1978); *Smith v. State,* 518 S.W.2d 823, 824 (Tex.Cr.App.1975). Whether the explanation is reasonable is an issue to be determined by the trier of fact, and the falsity or unreasonableness of the explanation may be shown by either direct or circumstantial evidence. *Adams v. State,* 552 S.W.2d 812, 815 (Tex.Cr.App.1977). In the present case, there were numerous circumstances from which the jury could determine that appellant's "explanation" of possession of the automobile was false and/or unreasonable.

First, appellant refused to identify the friend from whom he claimed to have borrowed the car. Next, the car was shown to have stolen license plates attached to it. In addition, the car contained items identified as probably taken in the burglary in question, the possession of which was unexplained by the appellant. These circumstances properly support the necessary inference by the jury that appellant's explanation was unreasonable or false. *Adams v. State, supra.*

Appellant next complains that the evidence of his possession of the stereo items is infirm because the victims did not positively identify the items as being the exact same ones taken in the burglary. This argument might have some merit if the State relied solely upon the possession of these items. However, the victim's honest-type identification that the items found were "the same type as" the items stolen from his home, coupled with the fact that the appellant was in possession of the automobile which was actually shown to have been taken at the same time as the burglary, and all of the other circumstances shown, strengthen Mr. Miller's identification of the property. We hold that the combination of circumstances shown was sufficient to support the conviction.

Appellant complains of the prosecutor's argument during the punishment phase of the trial. In reference to reputation witnesses who had testified against the appellant, the prosecutor stated

"All the citizens that came in here and told you something about him, I'm sure they could give you a whole earful, but they couldn't legally—"

There was a timely objection to this statement by appellant's counsel. The trial court sustained the objection and, upon request, instructed the jury to disregard the remark. Appellant's counsel moved for a mistrial, which the trial court refused. It is this refusal to which the appellant specifically attaches error. Generally, an instruction to disregard an improper statement in final argument will cure any error, unless the remarks are so inflammatory that their prejudicial effect cannot reasonably be removed by the instruction. *Hodge v. State,* 631 S.W.2d at 754 (Tex.Cr.App.1982); *Thomas v. State,* 578 S.W.2d 691 (Tex.Cr.App.1979). The argument complained of in this case is not the type which cannot be cured by instructing the jury to disregard it. See *Villarreal v. State,* 576 S.W.2d 51 (Tex.Cr.App.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979); *McCarty v. State,* 557 S.W.2d 295 (Tex.Cr.App.1977); *Sloane v. State,* 507 S.W.2d 747 (Tex.Cr.App.1974). Any error in this argument of the prosecutor was rendered harmless. This ground of error is overruled.

Finally, the appellant presents two related points of error complaining of the enhancement paragraph of the indictment. In such paragraph, the Grand Jury alleged that before the commission of the burglary alleged in the first count of the indictment, on August 14, 1973, the appellant was convicted of the felony offense of robbery by assault in cause number 15276, styled The State of Texas v. Jose Enriquez Lopez, Jr., in the 105th District Court of Nueces County, Texas. The record shows that the appellant was actually convicted in cause number 15276 on February 5, 1973, and that the judgment dated August 14, 1973, was a corrected judgment entered nunc pro tunc as of February 5, 1973. Appellant contends

this amounts to a fatal variance between the allegations in the indictment and the proof of the date of the conviction.

In alleging a prior conviction to enhance punishment, a variance between an allegation in the indictment and the proof is material and fatal only if it would mislead a defendant to his prejudice. *Hall v. State,* 619 S.W.2d 156, 157 (Tex.Cr.App.1980) (opinion on State's motion for rehearing), and the cases cited therein. The record here shows that there was no pretrial motion to quash this portion of the indictment. There is no showing that the appellant was surprised or misled by the allegations. The correct county, the correct court and the correct cause number were alleged and proved. We hold that the variance, if any, between the indictment and the proof was not fatal, and we overrule these points of error. See *Cole v. State,* 611 S.W.2d 79 (Tex.Cr.App.1981); *Rooks v. State,* 576 S.W.2d 615, 617 (Tex.Cr.App.1978); *Thompson v. State,* 563 S.W.2d 247 (Tex.Cr.App. 1978).

The judgment of the trial court is affirmed.