Sergio GALVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–98–00347–CR.

Court of Appeals of Texas,
San Antonio.

May 26, 1999.

Tony Jimenez, III, San Antonio for appellant.

Daniel Thornberry, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice CATHERINE STONE, Justice SARAH B. DUNCAN, Justice.

Opinion by: CATHERINE STONE, Justice.

Sergio Galvan was arrested for driving while intoxicated and for consuming an alcoholic beverage while operating a motor vehicle. For the charge of consumption of an alcoholic beverage, Galvan paid a $96 fine in Municipal Court. Galvan filed a special plea of double jeopardy in district court, arguing that the State should not be allowed to pursue the DWI prosecution because he had already plead guilty to the consumption of alcohol charge. A written order was signed by the trial court granting his special plea and dismissing the charges with prejudice. No appeal was taken from this order. The case nonetheless proceeded as if the dismissal order had not been signed, and Galvan was convicted by a jury of driving while intoxicated, sentenced to ten years imprisonment, and fined $2,000. His sentence was suspended and he was placed on community supervision for ten years. On appeal, Galvan contends that the trial court did not have jurisdiction to convict him on the DWI offense and that DWI and consumption of an alcoholic beverage while operating a motor vehicle are the "same offense" for double jeopardy purposes. We disagree and affirm the judgment of the trial court.

### JURISDICTION OF THE TRIAL COURT

■ The record reveals that Galvan filed a "Special Plea of Double Jeopardy" requesting that the matter be set for trial for a full evidentiary hearing and the motion to dismiss the cause with prejudice be granted. Galvan argued that the State intended to rely on conduct from the prior offense of consumption of alcoholic beverage while driving, to which Galvan had plead guilty and already been assessed a fine of $96. While the transcript from the Double Jeopardy hearing indicates that the court orally denied the motion, the clerk's record shows that the court signed a written order with the "granted" line checked off. Several months later, Galvan filed a "First Amended Special Plea of Double Jeopardy" which contained the same argument as his first plea, but which was supported by affidavit. At the hearing conducted that day, appellant's counsel stated that the court had already denied the initial motion for double jeopardy, but that he was presenting the second motion only to perfect the record. The record indicates that the court denied this second plea.

■ The State contends, and we agree, that the trial court's granting of the original plea was simply a clerical error. We recognize that, generally speaking, written findings control over oral announcements. See Eubanks v. State, 599 S.W.2d 815, 817 (Tex.Crim.App.1980). However, every piece of evidence in the record indicates that the oral pronouncement was the correct manifestation of the court's intention. See Coffey v. State, 979 S.W.2d 326, 328–29 (Tex.Crim.App.1998) (holding that when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls). The record of the hearing on Galvan's double jeopardy plea reveals that the judge denied the plea.[1] At another pretrial hearing, Galvan's attorney conceded that the motion had been denied and that he made this second plea simply to perfect the record.[2] Galvan's amended plea of double jeopardy

---

1. At the conclusion of the hearing the judge stated, "I think you can be convicted of both offenses, two distinct offenses. One can be consuming alcohol in a vehicle and not be DWI, and vice versa. So, your request is denied."

2. Appellant's counsel stated at the pretrial hearing, "Judge, we've filed an Amended Plea of Double Jeopardy in this case. The Court has already denied our initial Motion for Double Jeopardy. And the only reason why I'm presenting this Motion at this time is to perfect the record."

was denied both orally and through written order. All the parties proceeded as if the plea had been denied. Consequently, we hold that the trial court did not lack jurisdiction over the trial and that the trial court's denial of the first plea was simply a clerical error. Galvan's first point of error is overruled.

## DOUBLE JEOPARDY

 Galvan contends that the offense of driving while intoxicated and consumption of an alcoholic beverage while operating a motor vehicle fail the *Blockburger* test. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under the *Blockburger* test, different offenses are defined if each of the two offenses requires proof of an additional fact which the other does not. *See id.; Luna v. State,* 985 S.W.2d 128, 130 (Tex. App.—San Antonio 1998, pet. ref'd). The elements of driving while intoxicated include: 1) a person; 2) is intoxicated; 3) while operating a motor vehicle; 4) in a public place. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon Supp.1999). Consumption of an alcoholic beverage while operating a motor vehicle is committed if: 1) a person; 2) consumes; 3) an alcoholic beverage; 4) while operating a motor vehicle; 5) in a public place and is observed doing so by a peace officer. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 1994).

Consumption of an alcoholic beverage and being intoxicated are two separate elements of these offenses. Intoxication, which can be caused by alcohol, drugs, or a controlled substance, can be shown by a percent alcohol concentration or loss of the normal use of physical faculties. *See* TEX. PENAL CODE ANN. § 49.01(2) (Vernon 1994). Consumption of an alcoholic beverage does not necessarily rise to the level of intoxication, and intoxication does not necessarily include the consumption of an alcoholic beverage while driving. "Consumption of alcohol while driving cannot be established by proof of the same or less than all the facts required to establish the offense of DWI," or vice versa. *See McDonald v. State,* 863 S.W.2d 541, 544 (Tex.App.—Houston [1st Dist.] 1993, no pet.) (determining that consumption of alcohol while driving is not a lesser included offense of DWI under Texas Code of Criminal Procedure article 37.09 because it does not require proof of the same or less than all the facts required to establish DWI). Thus, each offense requires proof of an additional fact which the other does not. Galvan's second point of error is overruled.

## INSTRUCTION TO THE JURY

 In the trial court's charge to the jury, the court stated: "In the course of deliberations, a juror should not hesitate to re-examine his own views and change his opinion if convinced it is erroneous." Galvan contends that this instruction was a method to control the jury's manner and form of deliberations in violation of TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.1999). Galvan believes that this instruction "effectively nullified the views of less persuasive jurors who were unable to mentally spar point for point with more persuasive jurors in the deliberation room." We disagree.

The State correctly notes that charge error should be analyzed in light of the entire charge, not isolated portions. *See Inman v. State,* 650 S.W.2d 417, 419 (Tex. Crim.App.1983). Review of the entire charge leads us to the conclusion that the charge was not inappropriately coercive.[3]

---

**3.** The three paragraphs objected to are as follows: "In order to return a verdict, each juror must agree thereto, but jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment.

"Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors.

"In the course of deliberations, a juror should not hesitate to re-examine his own views and change his opinion if convinced it is erroneous. However, no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict."

This court recently addressed a different portion of a similar charge in *Garza v. State* and concluded that "the remainder of the jury charge, including the admonishment that 'no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict,' eliminated any potential for coercion." *See Garza v. State*, 974 S.W.2d 251, 256 (Tex.App.—San Antonio 1998, pet. ref'd). We find this reasoning equally applicable in the present case and hold that the trial court did not err in giving this charge to the jury. Galvan's final point of error is overruled.

The judgment of the trial court is affirmed.