**In re Brannon K. WATSON, Relator.**

**No. 14–03–00377–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 29, 2003.

Shawn Russel Casey, Terisa G. Taylor, Houston, for relator.

Thomas J. Wallace, Houston, for respondent.

Panel consists of Chief Justice BRISTER and Justices FOWLER and EDELMAN.

## OPINION

SCOTT BRISTER, Chief Justice.

On March 20, 2003, the trial court found relator Brannon K. Watson in contempt for failing to pay court-ordered child support. He was sentenced to 120 days in jail (criminal contempt), thereafter to remain in jail until he paid $558 in child support and $83 in costs (civil contempt).[1] It is undisputed he has made the latter payments.

The trial court's order contained the proviso that Watson's "sentence shall be served as set out in Exhibit 'A' attached hereto and incorporated herein for all pur-

---

1. Specifically, the order stated:

IT IS THEREFORE ORDERED that RESPONDENT/OBLIGOR, BRANNON K. WATSON, is committed to the county jail of Harris County, Texas, and that RESPONDENT/OBLIGOR, BRANNON K. WATSON shall be confined therein for a period of one hundred twenty (120) days for each and every one of the violations enumerated hereinabove, each and all such sentences to be served concurrently, and thereafter to remain, day to day, until RESPONDENT/OBLIGOR, BRANNON K. WATSON, has:

1) paid, as additional child support, attorney's fees and costs of Court as ordered herein, in the total amount of $558.00 plus post-judgment interest, if any, directly to the Harris County Domestic Relations Office, 1310 Prairie, Suite 700, Houston, Texas 77002, by cash, cashier's check or money order; and

2) paid to the District Clerk of Harris County, Texas, 301 Fannin, Houston, Texas 77002, commitment fees in the amount of $68.00 and steno fee in the amount of $15.00, for a total of $83.00.

poses." Exhibit A provided that his sentence should be served only on weekends:

> IT IS FURTHER ORDERED that said sentence shall be served in forty eight [*sic*] hour increments on weekends beginning at 7:00 p.m. on Friday and ending at 7:00 p.m. on the following Sunday, with the first such incremental sentence to begin at 7:00 p.m. on Friday, March 21, 2003 and end at 7:00 p.m. on Sunday, March 23, 2003, and thereafter to begin at 7:00 p.m. on each and every Friday and to end at 7:00 p.m. on the following Sunday until further order of this Court.

After serving two weekends in jail and paying the past-due amounts, Watson asked the trial judge to release him from further incarceration; she refused. He filed this petition for writ of habeas corpus, arguing the last six words quoted above from the attachment ("until further order of this Court") rendered the order ambiguous. We granted his petition pending final determination, issued the writ, and ordered him conditionally discharged upon his posting a $500 bond. *See* TEX. GOV'T CODE § 22.221(d).

■ It is undisputed Watson has complied with the civil contempt portion of the order. Thus, we are concerned only with the criminal contempt portion. To satisfy due process, a criminal contempt order must clearly specify the punishment imposed. *See Ex Parte Shaklee*, 939 S.W.2d 144, 145 (Tex.1997).

■ Clearly, no one can be thrown in jail "until further order of the court"; such an order would be imprisonment for an indefinite term. *See Ex parte Quevedo*, 611 S.W.2d 711 (Tex.Civ.App.-Corpus Christi 1981, orig. proceeding) (voiding an order incarcerating party until he paid child support, attorney's fees, and "until further orders of this Court"). At the same time, every order of contempt is subject to further orders of the court, whether the order says so or not; Watson acknowledged as much when he asked the court to release him after he served only 4 of the 120 days of his sentence.

Here, the trial court's order set out Watson's sentence (120 days), and the attachment prescribed how it should be served (on weekends until further order of the court). It is doubtful a sheriff would be confused by this order. *See Ex parte Shaklee*, 939 S.W.2d at 145 (stating sheriff must be able to determine from order how long contemnor was to remain in jail). Yet, the term of Watson's incarceration should not rest upon implication or conjecture. *See In re Houston*, 92 S.W.3d 870, 875 (Tex.App.-Houston [14th Dist.] 2002, orig. proceeding).

■ If a portion of a contempt order is void while valid in all other respects, an appellate court may strike the offending portion and otherwise deny relief. *See Ex parte Roosth*, 881 S.W.2d 300, 301 (Tex. 1994). All parties agree the trial court's provision for weekend-only incarceration is a salutary provision, and one that should be encouraged in appropriate cases. Watson's attorney conceded at oral argument that the last thing he wanted was for Exhibit A to be eliminated, resulting in incarceration for 120 days straight.

Accordingly, we grant in part the petition for writ of habeas corpus and strike the words "until further order of this Court" from Exhibit A. All other requested relief is denied. We revoke relator's bond and remand him to the custody of the Harris County Sheriff to serve the remainder of his sentence as set forth in Exhibit A, as reformed.