11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion


 

Eliseo
Hernandez

Appellant

Vs.                   No. 11-02-00292-CR B
Appeal from Dallas County

State
of Texas

Appellee

 

A jury convicted Eliseo Hernandez of the offense
of  unlawfully operating a motor vehicle
while intoxicated, a class B misdemeanor. 
The judge assessed punishment at 120 days in the Dallas County Jail,
probated for 24 months, and a fine of $600. 
We affirm 

On April 1, 2002, around 2:00 a.m., Officer Tony
Nixon, a DFW Airport law enforcement officer, 
observed appellant when he failed to keep his vehicle in a single lane
of traffic.  The offense occurred in the
vicinity of the 2300 block of Highway 114 in Tarrant County.  After Officer Nixon observed appellant cross
over into other lanes four or five times, he turned on his overhead lights and
began the procedure to stop appellant=s
vehicle.  Officer Nixon began the stop in
the vicinity of the 1800-1700 block of westbound Highway 114.  Appellant stopped his vehicle in the 1500
block of Highway 114.  Officer Nixon
testified that the 1500 block is outside of the jurisdiction of the
airport.  However, the traffic offenses
that Officer Nixon saw all occurred within the jurisdiction of the
airport.   After Officer Nixon conducted
field sobriety tests, he arrested appellant. 









Appellant=s
three points of error question the proof of venue.  He claims in his first point of error that
jurisdiction is an element of the misdemeanor offense of driving while
intoxicated.  The elements necessary to
prove that a person committed the offense of driving while intoxicated are: (1)
a person; (2) is intoxicated; (3) at the time of; (4) operating; (5) a motor
vehicle; (6) in a public place. Purvis v. State, 4 S.W.3d 118, 120
(Tex.App. B Waco
1999, no pet=n); Galvan
v. State, 995 S.W.2d 764, 766 (Tex.App. B
San Antonio 1999, no pet=n).  Appellant does not attack any of those
findings.  Failure to prove venue in the
court where the prosecution is taking place is reversible error.  Couchman v. State, 3 S.W.3d 155, 161
(Tex.App. B Fort.
Worth 1999, pet=n ref=d.). 
Venue must be proven, but it is not an element of the misdemeanor
offense of driving while intoxicated.  Purvis
v. State, supra; Galvan v. State, supra.  Appellant=s
first point of error is overruled. 

Appellant contends in his last two points of error
that the evidence was legally and factually insufficient to show that venue was
proper in Dallas County.   In order to
determine if the evidence is legally sufficient, we must review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  In order to determine
if the evidence is factually sufficient, we must review all of the evidence in
a neutral light and determine whether the evidence supporting guilt is so weak
as to render the conviction clearly wrong and manifestly unjust or whether the
evidence supporting guilt, although adequate when taken alone, is so greatly
outweighed by the overwhelming weight of contrary evidence as to render the
conviction clearly wrong and manifestly unjust. 
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  

 TEX. CODE
CRIM. PRO. ANN. art. 13.04 (Vernon Supp. 2004) provides:

An offense committed on the boundaries of two or
more counties, or within four hundred yards thereof, may be prosecuted and
punished in any one of such counties and any offense committed on the premises
of any airport operated jointly by two municipalities and situated in two
counties may be prosecuted and punished in either county. 

 








DFW airport is located in Dallas and Tarrant
counties.  Officer Nixon testified that,
although the 2300 block of Highway 114 is in Tarrant County, it was within the
airport=s
jurisdiction.  Officer Nixon testified
that by jurisdiction he meant  A[t]he area of the airport.@ 
Officer Nixon further testified on cross-examination by defense counsel
that he was Aon the
airport,@ although
not Aon a
airport terminal.@  Officer Robert Knight, the backup DFW Airport
law enforcement officer, testified that the jurisdiction of the airport covers
28 square miles of both Dallas and Tarrant Counties.  Officer Knight also set out the east, west,
north, and south boundaries of the airport. 
The State proved by a preponderance of the evidence that the offense
occurred on the premises of DFW airport. 
Venue is proper in Dallas county. 
Article 13.04.  We also note that
a law enforcement officer commissioned as airport security personnel under the
Transportation Code has jurisdiction Awhile
on property under the control of the airport or acting in the actual course and
scope of the person=s
employment.@ TEX.
TRANSP. CODE ANN. ' 23.003
(Vernon 1999).  Venue was established by
legally and factually sufficient evidence. 
Appellant=s second
and third points of error are overruled. 

The judgment of the trial court is affirmed. 

 

                                                                                                            JIM
R. WRIGHT

JUSTICE

 

January 15, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.