COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
 2-04-589-CR

        2-04-590-CR

 

 

LARRY WALTER RALEIGH, JR.                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

                                        I. Introduction

Appellant Larry Walter Raleigh, Jr. was convicted
on two charges of violating a protective order with two prior convictions.  Raleigh appeals his convictions in three
points.  We affirm.  

 








II. Clerical
Error

In his first two points, Raleigh argues that the
trial court improperly permitted his case to proceed to trial and improperly
allowed the jury to convict and sentence him after granting his motion to quash
the indictments. 

Raleigh was indicted for violating a protective
order on December 2 and 11 of 2003.  On
December 13, 2004, Raleigh filed a motion to quash both indictments.  The trial court held a hearing and orally
denied the motion to quash.  However, the
clerk=s record
in one of the cause numbers shows that the order on Raleigh=s motion
to quash, which bore both cause numbers, purported to grant the motion.  The record reflects that the court circled
the word Agranted@ and
signed the order.  Despite the written
order ostensibly quashing the indictment, the trial court proceeded to
trial.  The State contends that the court=s
written order purporting to quash was a mistake; thus, the indictment was not
quashed.








After Raleigh=s appeal
was submitted to this court for decision, we abated the appeal and remanded the
case to the trial court with instruction that it conduct a
hearing to determine whether its entry of a written order purporting to grant a
motion to quash was a clerical error. 
The trial court conducted such a hearing.  During the hearing, the judge testified that
he inadvertently circled the word Agranted,@ that he
had actually intended to circle the word @denied,@ and
that he had corrected the error.

Generally, when a conflict exists between a trial
court=s
written order and its oral pronouncements at trial, the written order
controls.  See Ablon v.State, 537
S.W.2d 267, 269 (Tex. Crim. App. 1976). 
However, in some circumstances, written orders that conflict with oral
pronouncements are deemed clerical errors. 
See Galvan v. State, 995 S.W.2d 764, 765 (Tex. App.CSan
Antonio 1999, no pet.) (holding clerical error when court orally denied plea of
double jeopardy, but signed written order with Agranted@ line
checked-off and evidence in record indicated that oral pronouncement was
correct manifestation of court=s
intention); Jiminez v. State, 953 S.W.2d 293, 295 (Tex. App.CAustin
1997, pet. ref=d) (holding clerical error when
record clearly reflected that district court overruled motion to quash and that
written order granting motion was mistakenly signed by court).  A clerical error is one that did not come
about as the product of judicial reasoning and is subject to being
corrected.  See Alvarez v. State,
605 S.W.2d 615, 617 (Tex. Crim. App. 1980). 









The court's error in this case does not appear to
be a judicial error.  See English v.
State, 592 S.W.2d 949, 956 (Tex. Crim. App.) (en banc), cert. denied,
449 U.S. 891 (1980)  (holding that trial
court=s
mistake in signing order to grant new trial was clerical error).  The record clearly reflects that the trial
court=s
written order granting the motion was mistakenly signed by the court.  Because the original order was not the
product of judicial reasoning, the trial court was authorized to correct its
mistake.  See id. at 955-56
(holding where trial court signed order granting new trial by mistake, trial
court was authorized to correct error).

Thus, because the trial court here never
intentionally granted the motion to quash, but only signed the order form by
mistake, we hold that the trial court acted properly by permitting Raleigh=s case
to proceed to trial and by allowing the jury to convict and sentence
Raleigh.  See id.  Accordingly, we overrule Raleigh=s first
and second points. 

III. Variance

In his third point, Raleigh contends that due to
the variance between the indictment and the proof offered at trial, the
evidence was legally and factually insufficient to support his convictions.  Specifically, Raleigh claims that the evidence
is legally and factually insufficient with regard to the proof of his prior
convictions for violating a protective order because the charging instruments
in those cases incorrectly listed the protective order=s cause
number. 








A Avariance@ occurs
when there is a discrepancy between the allegations in the charging instrument
and the proof at trial.  Gollihar v.
State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).  In such a situation, the State has proven the
defendant guilty of a crime but has proven its commission in a manner that
varies from the allegations in the charging instrument.  Id.  We treat variance claims as issues of
insufficiency of the evidence.  See
id. at 247.  Sufficiency of the
evidence is measured by the elements of the offense as defined by the
hypothetically correct jury charge.  See
id. at 253; Harvey v. State, 135 S.W.3d 712, 716 (Tex. App.CDallas
2003, no pet.) (applying standard to appeal from bench trial).  Only a Amaterial@
variance will render the evidence insufficient. 
See Gollihar, 46 S.W.3d at 257. 
A hypothetically correct charge need not incorporate allegations that
give rise to immaterial variances.  See
id. at 256.  A variance that is not
prejudicial to a defendant=s Asubstantial
rights@ is
immaterial.  Id. at 248.








An indictment or information is sufficient if it
sets forth the alleged offense in plain, intelligible language sufficient to
enable the accused to prepare a defense. 
Harvey, 135 S.W.3d at 716. 
When alleging a prior conviction for the enhancement of punishment, the
indictment should include the court in which the conviction was obtained, the
time of the conviction and the nature of the offense.[2]  Cole v. State,  611 S.W.2d 79, 80 (Tex. Crim. App. 1981).          In
this case, the instant indictments name the courts wherein the alleged prior
convictions occurred (County Criminal Court No. 5 of Tarrant County), the exact
nature of the prior offenses (violation of a protective order), and the dates
of such convictions (July 24, 2003 and September 22, 2004).  At trial, the State offered evidence of the
prior offenses in the form of judgments. 
The judgments contain the same cause numbers, types of offenses, dates
of convictions, and courts where the convictions were obtained, as the prior
convictions that were alleged in the indictments.  Thus, the State has not proven Raleigh guilty
of a crime, in a manner that varies from the allegations in the
indictment.  See id. 








In light of the foregoing, we conclude that no
variance existed.  See Gollihar, 46
S.W.3d at 246.  Since we do not conclude
that a variance existed in the instant case, we need not determine the issue of
materiality.  Moreover, because Raleigh=s
challenges to the sufficiency of the evidence rest solely on this lack of
variance, they must fail.  See Dietz
v. State, 62 S.W.3d 335, 341 (Tex. App.CAustin
2001, pet. ref=d).  We overrule Raleigh=s third
point.

IV. Conclusion

Having overruled all three of Raleigh=s
points, we affirm the trial court=s
judgments.

 

 

BOB
MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT,
HOLMAN, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: April 6, 2006











[1]See Tex. R. App. P. 47.4.





[2]It is well settled that
it is not necessary to allege prior convictions for the purpose of the
enhancement of punishment with the same particularity as must be used in
charging the original offense.  Coleman
v. State, 577 S.W.2d 486, 488 (Tex. Crim. App. 1979).  Moreover, the trend in the law regarding
allegations of prior convictions has generally been towards a relaxation of the
rigid rules of the past.  See Howell
v. State, 563 S.W.2d 933, 936-37 (Tex. Crim. App. 1978); Rooks v. State,
576 S.W.2d 615, 617 (Tex. Crim. App. 1978); Pinkston v. State, 681
S.W.2d 893, 905 (Tex. App.CFort Worth 1984, pet. ref=d); Klasing v. State,
662 S.W.2d 789, 792 (Tex. App.CCorpus Christi 1983, pet. ref=d); Lopez v. State,
654 S.W.2d 521, 524 (Tex. App.CCorpus Christi 1983, pet ref=d).