RALEIGH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-589-CR

        2-04-590-CR

LARRY WALTER RALEIGH, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Larry Walter Raleigh, Jr. was convicted on two charges of violating a protective order with two prior convictions.  
Raleigh appeals his convictions in three points.  We affirm.
  

II. 
Clerical Error

In his first two points, Raleigh argues that the trial court improperly permitted his case to proceed to trial and improperly allowed the jury to convict and sentence him after granting his motion to quash the indictments. 

Raleigh was indicted for violating a protective order
 on December 2
 and 11
 of 2003.  On December 13, 2004, Raleigh filed a motion to quash both indictments.  The trial court held a hearing and orally denied the motion to quash.  
However, the clerk’s record in one of the cause numbers shows that the order on Raleigh’s motion to quash, which bore both cause numbers, purported to grant the motion.  The record reflects that the court circled the word “granted” and signed the order.  Despite the written order ostensibly quashing the indictment, the trial court proceeded to trial.  
The State contends that the court’s written order purporting to quash was a mistake; thus, the indictment was not quashed.

After Raleigh’s appeal was submitted to this court for decision, we abated the appeal and remanded the case to the trial court with
 
instruction
 
that it conduct a hearing to determine whether its entry of a written order purporting to grant a motion to quash was a clerical error.  The trial court conducted such a hearing.  During the hearing, the judge testified that he inadvertently circled the word “granted,” that he had actually intended to circle the word ”denied,” and that he had corrected the error.

Generally, when a conflict exists between a trial court’s written order and its oral pronouncements at trial, the written order controls.  
See Ablon v.State
, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976).  However, in some circumstances, written orders that conflict with oral pronouncements are deemed clerical errors.  
See
 
Galvan v. State
, 995 S.W.2d 764, 765 (Tex. App.—San Antonio 1999, no pet.) (holding clerical error when court orally denied plea of double jeopardy, but signed written order with “granted” line checked-off and evidence in record indicated that oral pronouncement was correct manifestation of court’s intention);
 Jiminez v. State
, 953 S.W.2d 293, 295 (Tex. App.—Austin 1997, pet. ref’d) (holding clerical error when record clearly reflected that district court overruled motion to quash and that written order granting motion was mistakenly signed by court). 
 A clerical error is one that did not come about as the product of judicial reasoning and is subject to being corrected.  
See Alvarez v. State
, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980).  

The court's error in this case does not appear to be a judicial error.
  See English v. State
, 592 S.W.2d 949, 956 (Tex. Crim. App.) (en banc), 
cert. denied
, 449 U.S. 891 (1980)  (
holding 
that trial court’s mistake in signing order to grant new trial was clerical error).
 
 The record clearly reflects that the trial court’s written order granting the motion was mistakenly signed by the court.  Because the original order was not the product of judicial reasoning, the trial court was authorized to correct its mistake.  
See
 
id. 
at 955-56 (holding where trial court signed order granting new trial by mistake, trial court was authorized to correct error).

Thus, because the trial court here never intentionally granted the motion to quash, but only signed the order form by mistake, we hold that the trial court acted properly by permitting Raleigh’s case to proceed to trial and by allowing the jury to convict and sentence Raleigh.  
See id
.  Accordingly, we overrule Raleigh’s first and second points
. 

III. 
Variance

In his third point, Raleigh contends that due to the variance between the indictment and the proof offered at trial, the evidence was legally and factually insufficient to support his convictions
. 
 Specifically, 
Raleigh claims that the evidence is legally and factually insufficient with regard to the proof of his prior convictions for violating a protective order because the charging instruments in those cases incorrectly listed the protective order’s cause number. 

A “variance” occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial.  
Gollihar v. State
, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).  In such a situation, the State has proven the defendant guilty of a crime but has proven its commission in a manner that varies from the allegations in the charging instrument
.  Id. 
 We treat variance claims as issues of insufficiency of the evidence.  
See id. 
at 247.  Sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge.  
See id. 
at 253; 
Harvey v. State
, 135 S.W.3d 712, 716 (Tex. App.—Dallas 2003, no pet.) (applying standard to appeal from bench trial).  Only a “material” variance will render the evidence insufficient.  
See Gollihar
, 46 S.W.3d at 257.  A hypothetically correct charge need not incorporate allegations that give rise to immaterial variances.  
See id. 
at 256.  A variance that is not prejudicial to a defendant’s “substantial rights” is immaterial. 
 Id
. at 248.

An indictment or information is sufficient if it sets forth the alleged offense in plain, intelligible language sufficient to enable the accused to prepare a defense.  
Harve
y, 135 S.W.3d at 716.  When 
alleging a prior conviction for the enhancement of punishment, the indictment should include the court in which the conviction was obtained, the time of the conviction and the nature of the offense
.
(footnote: 2)  
Cole v. State, 
 611 S.W.2d 79, 80 (Tex. Crim. App. 1981).  
 In this case, the instant indictments name the courts wherein the alleged prior convictions occurred (County Criminal Court No. 5 of Tarrant County), 
the exact nature of the prior offenses (violation of a protective order), and the dates of such convictions (July 24, 2003 and September 22, 2004).  
At trial, the State offered evidence of the prior offenses in the form of judgments.  The judgments contain the same cause numbers, types of offenses, dates of convictions, and courts where the convictions were obtained, as the prior convictions that were alleged in the indictments.  
Thus, the State has not proven Raleigh guilty of a crime, in a manner that varies from the allegations in the indictment.  
See id.
 

In light of the foregoing, we conclude that no variance existed.  
See Gollihar, 
46 S.W.3d at 246.
 
 Since we do not conclude that a variance existed in the instant case, we need not determine the issue of materiality.  Moreover, because Raleigh’s challenges to the sufficiency of the evidence rest solely on this lack of variance, they must fail.  
See Dietz v. State
, 62 S.W.3d 335, 341 (Tex. App.—Austin 2001, pet. ref’d).  We overrule Raleigh’s third point.

IV. 
Conclusion

Having overruled all three of Raleigh’s points, we affirm the trial court’s judgments.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
It is well settled that it is not necessary to allege prior convictions for the purpose of the enhancement of punishment with the same particularity as must be used in charging the original offense.  
Coleman v. State
, 577 S.W.2d 486, 488 (Tex. Crim. App. 1979).  Moreover, the trend in the law regarding allegations of prior convictions has generally been towards a relaxation of the rigid rules of the past.
  See Howell v. State
, 563 S.W.2d 933, 936-37 (Tex. Crim. App. 1978);
 Rooks v. State
, 576 S.W.2d 615, 617 (Tex. Crim. App. 1978);
 
Pinkston v. State
, 681 S.W.2d 893, 905 (Tex. App.—Fort Worth 1984, pet. ref’d); 
Klasing v. State
, 662 S.W.2d 789, 792 (Tex. App.—Corpus Christi 1983, pet. ref’d);
 
Lopez v. State
, 654 S.W.2d 521, 524 (Tex. App.—Corpus Christi 1983, pet ref’d).