Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed
May 11, 2006









Petition for Writ of
Habeas Corpus Granted and Memorandum Opinion filed May 11, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00094-CV

____________

 

IN RE DWAYNE THOMAS STENSON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF HABEAS
CORPUS 

 



 

M E M O R
A N D U M  O P I N I O N

Relator
Dwayne Thomas Stenson challenges the trial court=s order of contempt and commitment
dated January 30, 2006, claiming the order is void because it imposes an
ambiguous sentence, fails to comply with the Family Code, and punishes him
pursuant to a nonexistent decree.  On
February 8, 2006, we ordered relator released, subject to bond, pending a final
determination of this cause.  Because we
conclude that the contempt order is void, we grant relator=s habeas corpus petition, order
relator released from the bond set by this Court on February 8, 2006, and order
relator discharged from custody.  

 








I.  Background

Several
decrees were signed in the underlying case. 
An amended divorce decree was entered on February 1, 2005 (the AFebruary decree@), in which relator was ordered to
pay $500 per month in child support to real party Katherine Elaine Stenson,
beginning with a payment on June 4, 2004, and a like payment on the fourth of
every month thereafter.  Relator=s child support obligations as stated
in the February decree were unchanged from the final divorce decree previously
entered in the case.  On August 12, 2005,
a second amended divorce decree was signed (the AAugust decree@), and relator was again ordered to
pay $500 a month in child support beginning on June 4, 2004 and continuing on
the fourth day of each month thereafter. 
In the August decree, relator was also ordered to pay $3500 in attorney=s fees to the child=s court-appointed attorney, Allyson
N. Brupbacher. 

Katherine
subsequently filed a motion to enforce the child support orders contained in
all decrees entered in the case. 
Brupbacher also filed a motion for enforcement of the order to pay her
fees.  Separate hearings were held on the
motions, but findings and conclusions for each motion were contained in the
trial court=s January 30, 2006 contempt and
commitment order, in which relator was sentenced to one hundred days= confinement in the Harris County
jail.  Relator then filed his habeas
corpus petition in this Court, challenging the order on six grounds.

II.  Standard of Review








An
original habeas corpus proceeding is a collateral attack on a contempt
judgment.  In re Broussard, 112
S.W.3d 827, 831 (Tex. App.CHouston [14th Dist.] 2003, orig. proceeding) (citing Ex
parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967)).  The relator is entitled to discharge if the
order underlying the contempt is void, or if the contempt order or commitment
order is void.  Ex parte Tanner,
904 S.W.2d 202, 203 (Tex. App.CHouston [14th Dist.] 1995, orig. proceeding).  An order is void when either it is beyond the
court=s power or because the relator has
not been afforded due process.  In re
Henry, 154 S.W.3d 594, 596 (Tex. 2005); Ex parte Barlow, 899 S.W.2d
791, 794 (Tex. App.CHouston [14th Dist.] 1995, orig. proceeding).   

III.  Discussion

The
January 30 contempt order contains separate sections regarding Katherine=s motion for enforcement and
Brupbacher=s motion.  Five of the six issues presented in relator=s petition challenge that portion of
the order concerning Katherine=s motion.  We sustain
three of those issues.  We discuss
relator=s only issue concerning Brupbacher=s motion in the final section of this
opinion. 

A.        Katherine=s Motion for Enforcement 

1.  Ambiguous Sentence

In the
contempt order, relator was charged with separate counts of contempt for
failing to make ten child support payments as follows:  February 4, 2005, March 4, 2005, and May 4,
2005 through December 4, 2005.  Relator
was sentenced to ten days= confinement in the Harris County jail for each violation,
for a total of one hundred days= confinement.  Relator
argues that although the contempt order states his confinement is for one
hundred days, the dates of confinement listed equal only ninety days and
therefore, the order imposes an ambiguous sentence and is void. 

Before a
person can be imprisoned for violating a court=s previous order, due process
requires, among other things, that the court=s commitment order clearly specify
the punishment imposed.  Ex parte
Shaklee, 939 S.W.2d 144, 145 (Tex. 1997); see also Tex. Fam. Code Ann. ' 157.166(b) (Vernon 2002).  A term of incarceration should not rest upon
implication or conjecture.  In re
Watson, 108 S.W.3d 531, 533 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding). 








Here,
the order contains the following provision:

Based upon the findings above . . . Dwayne Thomas
Stenson is in CONTEMPT OF THIS COURT for each separate violation . . . and it
is ORDERED that punishment for each separate violation is assessed, for each
violation [sic], at confinement in the county jail of Harris County, Texas, for
a period of 10 days for a total of 100 days to begin on January 30, 2006 and
continuing until April 29, 2006. 

Counting one hundred days
from January 30, 2006, relator=s sentence would end on May 9, 2006, not April 29 as stated
in the order; therefore, it is unclear from the order when relator=s term of incarceration ends.  See id.   

Were
this the only problem with the contempt order, we could reform it to reflect
the correct date.  See In re Zapata,
129 S.W.3d 775, 781  (Tex. App.CFort Worth 2004, orig. proceeding)
(reforming portion of contempt order); In re Broussard, 112 S.W.3d at
831 (citing Ex parte Roosth, 881 S.W.2d at 301); In re Watson,
108 S.W.3d at 533 (noting that void portions of a contempt order Awhile valid in all other respects,@ can be struck and relief is
otherwise denied); see generally Ex parte Guetersloh, 935 S.W.2d 110,
111B12 (Tex. 1996) (orig.
proceeding).  However, as discussed
below, we conclude the order is void on other grounds as well.  See In re Broussard, 112 S.W.3d at 831B32 (declining to reform contempt
order due to finding it was void on other grounds).  

2.  Superseded Decree and Prior Acts 

Relator
also argues the court=s contempt order is void because it is based, in part, on the
February decree, which was expressly superseded by the August decree.  He argues that because six of the ten
violations listed in the contempt order occurred under the February decree, he
is being punished for acts occurring prior to the date the final order was
signed. 

 








The
contempt order contains the following findings:

2(a)  on
February 1, 2005, Respondent was ordered to make periodic payments of child
support, in the amount of $500 to be paid on the 4th day of each month
beginning on June 4, 2004 and a like payment being due and payable on each 4th
day of the month thereafter with said ORDER being the Amended Decree of
Divorce;    

2(b) on August 12, 2005, Respondent was ordered to
make periodic payments of child support in the amount of $500 to be paid on the
4th day of each month beginning on June 4, 2004 and a like payment being due
and payable on each 4th day of the month thereafter with said ORDER being the
SECOND AMENDED DECREE OF DIVORCE

The August decree states
that it Asupercedes the AMENDED DECREE OF
DIVORCE signed on February 1, 2005.@ 
Likewise, the February decree expressly superseded the previously
entered final divorce decree.  As relator
claims, of the ten violations on which 
his contempt sentence is based, six occurred prior to August 12, 2005,
the date the August decree was signed.

This
Court previously has determined that a contempt order based on a superseded
decree is void.  Ex parte Smith,
No. 14-96-00195-CV, 1996 WL 283063, at *2, (Tex. App.CHouston [14th Dist.] May 30, 1996,
orig. proceeding); see also Ex parte Deckert, 559 S.W.2d 847, 849 (Tex.
Civ. App.CHouston [1st Dist.] 1977, orig.
proceeding) (concluding that commitment order was void because it referred to
invalid order).  We reasoned in Smith
that the superseded decree was no longer of any force and effect once the later
decree was signed; at that point, the superseded decree was no longer the
enforceable order in the case.  Ex
parte Smith, 1996 WL 283063, at *2. 
We concluded that, by referring to a decree which was no longer in
effect, the court=s contempt order did not strictly comply with the
requirements of section 157.166(b) of the Family Code.[1]  Id. 








The
reasoning in Smith applies to this case. 
Once the trial court signed the August decreeBBon August 12, 2005BBthe February decree was superseded
and no longer in effect.  See id.;
see also Ferguson v. Naylor, 860 S.W.2d 123, 127 (Tex. App.CAmarillo 1993, writ denied) (AOnce a judgment has been vacated and
reformed, it is superseded; the original judgment is effectively >dead,= . . . .@). 
The August decree was the enforceable decree in the case at the time of
the hearing on Katherine=s motion,[2]
yet the court=s contempt order holds relator in
contempt for failing to make payments under the superseded February decree.[3]  And, as relator contends, he cannot be
incarcerated for failing to pay sums owed prior to the date of an enforceable
decree.  See Ex parte Guetersloh,
935 S.W.2d 110, 111 (Tex. 1996) (orig. proceeding) (stating that an alleged
contemnor cannot be held in constructive contempt for actions taken before the
court=s order is signed).  Because the contempt order in this case is
based in large part on acts occurring under an unenforceable decree and imposes
punishment for acts occurring prior to the final decree being signed, it is
void.  See Ex parte Smith, 1996 WL
283063, at *2. 








In sum,
because six of the ten violations listed in the contempt order occurred prior
to August 12, 2005, the date the final decree in the case was signed, and the
sentence imposed in the order requires reformation, we conclude that the
section of the contempt order regarding Katherine=s motion for enforcement is
void.  See, e.g., In re
Broussard, 112 S.W.3d at 832 (declining to sever void portions from valid
portions of contempt order due to finding it void on several grounds). 

B.        Brupbacher=s Motion

Relator
also contends he is entitled to habeas corpus relief because attorney=s fees cannot be classified as child
support and, therefore, are not enforceable by contempt. 








The
section of the contempt order regarding Brupbacher=s motion for enforcement sets forth
the court=s findings and conclusions, adjudges
relator in contempt of court pursuant to Brupbacher=s motion, and assesses a punishment
of ten days= confinement for each violationBBa total of fifty days= confinementBBto run concurrently with the
one-hundred day sentence imposed in connection with Katherine=s motion for enforcement.  However, the contempt order states that the
sentence imposed for non-payment of Brupbacher=s fees is suspended conditioned on
future payments, beginning on February 1, 2006, and continuing thereafter on
the first day of each month until the full sum owed is paid.  Thus, there is nothing in this record to
indicate relator=s incarceration is pursuant to that portion of the contempt
order.  Because relator=s contempt sentence was suspended
regarding Brupbacher=s fees, his request for habeas corpus relief as to that
sentence is premature.  See In re
Scariati, 988 S.W.2d 270, 273 & n.2 (Tex. App.CAmarillo 1998, orig. proceeding)
(noting that likelihood of restraint caused by civil contempt presents ripeness
issues); Ex parte Hughey, 932 S.W.2d 308, 310B11 (Tex. App.CTyler 1996, orig. proceeding)
(refusing to issue writ of habeas corpus, noting that because the function of
the writ is to secure release from unlawful custody, it requires a showing of a
restraint of liberty); see also Tex.
Gov=t Code Ann. ' 22.221(d) (Vernon 2004) (stating
appellate court=s jurisdiction to issue writ of habeas corpus relates to a
restraint of liberty).  Further, because
that portion of the contempt order is separate and distinct from the section
concerning Katherine=s motion, addressed above, we express no opinion here
regarding the order as it concerns Brupbacher=s fees. 

IV.  Conclusion 


In
conclusion, the section of the trial court=s contempt order covering Katherine=s enforcement motion is void because
it is based on an unenforceable decree and the term of relator=s incarceration is unclear as
contained in the order.  Accordingly, we
grant relator=s petition for writ of habeas corpus
as discussed above.  We do not address
relator=s issue concerning Brupbacher=s enforcement motion.  We further order relator released from the
bond set by this Court on February 8, 2006, and order relator discharged from
custody.   

 

 

 

/s/        John S. Anderson

Justice

 

Petition for Habeas Corpus Granted, and Memorandum
Opinion filed May 11, 2006.

Panel consists of Justices Anderson, Edelman, and
Frost.   











[1]That section provides as follows: 

If the order imposes incarceration or a fine for
criminal contempt, an enforcement order must contain findings identifying,
setting out, or incorporating by reference the provisions of the order for
which enforcement was requested and the date of each occasion when the
respondent=s failure to comply with the order was found to
constitute criminal contempt.

Tex. Fam. Code Ann. ' 157.166(b) (Vernon 2002).  





[2]Relying
on Ex parte Shaver, 597 S.W.2d 498, 499
(Tex. Civ. App.CDallas 1980, orig. proceeding), Katherine responds to
relator=s argument by claiming his child support obligations
did not change in the subsequent decrees and thus, he was aware of his
obligations.  In Shaver, involving
obligations under temporary child support orders, the court held that Ain the absence of a provision in the divorce
decree . . . superseding@ the temporary child support order, the previous order
is still enforceable.  Id.
(emphasis added).  Moreover, relator does
not argue that he did not have proper notice of the violations.  See Ex parte Smith, 1996 WL 283063, at
*1B2. Even though relator=s child
support obligations remained the same in the August decree, because that decree
was the final decree enforceable by contempt, relator could not be incarcerated
for acts occurring prior to the signing of the August decree.  See Ex parte Guetersloh, 935 S.W.2d at
111.  





[3]See also Ex parte Carroll, 175 S.W.2d 251, 252 (Tex. 1943) (finding temporary
custody order was superseded by final divorce decree); Ex parte Grothe,
581 S.W.2d 296, 297 (Tex. Civ. App.CAustin
1979, no writ) (finding temporary orders were superseded by entry of divorce
decree).