MEMORANDUM OPINION

No. 04-06-00549-CV

IN RE Scott Lee STANLEY

Original Habeas Corpus Proceeding (1)




PER CURIAM



Sitting: Catherine Stone , Justice

 Karen Angelini , Justice

 Sandee Bryan Marion , Justice



Delivered and Filed: August 30, 2006 



PETITION FOR WRIT OF HABEAS CORPUS DENIED 

 On August 17, 2006, relator Scott Lee Stanley filed a petition for a writ of habeas corpus, complaining of the trial court's
August 4, 2006 order holding him in contempt for failure to pay child support and remanding him to the custody of the
Bexar County sheriff. Stanley asks this court to release him from custody and/or to strike portions of the contempt and
commitment order. 

 We agree Stanley could not be held in contempt and committed to jail for amounts that came due before the date the
underlying child support order was signed. See Ex parte Chambers, 898 S.W.2d 257, 262 (Tex. 1995); In re Sellers, 982
S.W.2d 85, 87 (Tex. App.--Houston [1st Dist.] 1998, orig. proceeding). A contemnor may not be held in constructive
contempt of court for actions taken prior to the time the court's order is reduced to writing. Ex parte Chambers, 898 S.W.2d
at 262. In this case, the order requiring Stanley to pay child support was signed on January 10, 2006. Nevertheless, the
contempt order finds Stanley violated the underlying child support order on May 1, 2005; June 1, 2005; July 1, 2005;
August 1, 2005; September 1, 2005; October 1, 2005; November 1, 2005; December 1, 2005; January 1, 2006; February 1,
2006; March 1, 2006; April 11, 2006 [sic]; May 1, 2006; June 1, 2006; July 1, 2006; and August 1, 2006. Thus, nine of the
sixteen violations occurred before the underlying child support order was signed. 

 Because the contempt order assesses a separate punishment for each violation, the invalid portions of the contempt order
may be severed and stricken, and the valid portion retained. See Ex parte Linder, 783 S.W.2d 754, 758 (Tex. App.--Dallas
1990, orig. proceeding); see also In re Watson, 108 S.W.3d 531, 533 (Tex. App.--Houston [14th Dist.] 2003, orig.
proceeding) ("If a portion of a contempt order is void while valid in all other respects, an appellate court may strike the
offending portion and otherwise deny relief."). We, therefore, strike the contempt violations that occurred prior to January
10, 2006, and reform pages 2 and 3 of the August 4, 2006 contempt order to read as follows: 

"Contempt Findings and Findings on Arrearage



 The Court finds that Respondent has failed to pay child support, attorney's fees and court costs as ordered to KATHERINE
SPRINGER through the state disbursement unit in the amounts and on the dates shown below:



 Violation Date Due Date Paid Amount Due Amount Paid

 1. February 1, 2006 Not paid $1,200.00 $0.00

 2. March 1, 2006 Not paid $1,200.00 $0.00

 3. April 1, 2006 Not paid $1,200.00 $0.00

 4. May 1, 2006 Not paid $1,200.00 $0.00

 5. June 1, 2006 Not paid $1,200.00 $0.00

 6. July 1, 2006 Not paid $1,200.00 $0.00

 7. August 1, 2006 Not paid $1,200.00 $0.00"

 Stanley further argues that "he ha[d] a right to jury trial on these issues and he was not given that right." An alleged
contemnor has a right to a jury trial in contempt proceedings only when the punishment assessed is "serious." Ex parte
Sproull, 815 S.W.2d 250, 250 (Tex. 1991). A sentence exceeding six months is generally classified as "serious." Id.

 Here, the contempt order assesses punishment for each separate violation at confinement in the county jail for a period of
180 days, commits Stanley to the county jail for a period of 180 days for each separate violation, and orders each period of
confinement to run "consecutively." At the hearing, however, the trial court did not order the sentences to run
consecutively. The prosecuting attorney twice stated she was requesting a sentence of six months in jail for criminal
contempt. The trial court noted this fact, and informed Stanley, "[Y]ou owe me six months in the Bexar County  jail . . ." 
Although generally written orders control over oral pronouncements, in this case it is clear that the trial court did not
envision consecutive sentences. See Galvan v. State, 995 S.W.2d 764, 765-66 (Tex. App.--San Antonio 1999, no pet.)
(when all the evidence in the record indicated the trial court intended to deny a plea to the jurisdiction, oral announcement
controlled over written order granting the plea). We, therefore, strike the portion of the August 4, 2006 contempt order
stating the periods of confinement run "consecutively," and reform page 4 of this order to read as follows: 

 "Criminal Contempt

 IT IS ORDERED that punishment for each separate violation is assessed at a fine of $500.00 and confinement in the county
jail of Bexar County, Texas, for a period of 180 days.



 IT IS THEREFORE ORDERED that Respondent is committed to the county jail of Bexar County, Texas, for a period of
180 days for each separate violation enumerated above. 



 IT IS ORDERED that each period of confinement assessed in this order shall run and be satisfied concurrently."



 We have considered the other issues presented in Stanley's petition and have determined he is not entitled to any further
relief. Accordingly, Stanley's petition and motion for temporary relief are DENIED.

 PER CURIAM

1. This proceeding arises out of Cause No. 2006-CI-07393, styled In the Interest of M.L.S and S.K.S., filed in the 225th
Judicial District Court, Bexar County, Texas. However, the challenged orders were signed by the Honorable Michael P.
Peden presiding judge of the 285th Judicial District Court, Bexar County, Texas.