# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00716-CR

**Toby Allen Hallmark, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. B-03-1043-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Toby Allen Hallmark appeals the trial court's adjudication of guilt, revocation of deferred-adjudication community supervision, and imposition of sentence for the offense of claiming a lottery prize by fraud, arguing in one issue that the trial court erred by failing to order a presentence investigation prior to the imposition of sentence in Hallmark's felony case as required by article 42.12, subsection 9(a) of the Texas Code of Criminal Procedure. Hallmark points to a sentence in the trial court's judgment stating that "[a] presentence investigation report **was not required or done**."

The following portion of the reporter's record, however, clearly indicates that the trial court did read and consider a presentence-investigation report before imposing Hallmark's sentence:

THE COURT: Could I see the presentencing report?

[State's Attorney]: I'm sorry, I thought they had already given it to you, Your Honor. That's my fault.

(Pause while the Court reads PSI.)

THE COURT: Have you had a chance to look at this, [Defense Attorney]?

[Defense Attorney]: Yes, Your Honor.

THE COURT: Are there any corrections or questions you've got about what's in this information?

[Defense Attorney]: I did have some questions relevant to the incident report that's been attached.

THE COURT: It lists his job at Jim Bob Oil. Had I misunderstood that?

[Defense Attorney]: I don't—I don't understand that one, either.

THE COURT: It lists him as married. Is that—

[Defense Attorney]: He is married, Your Honor. There is currently divorce is on file [sic] or divorce is pending.

THE COURT: What else am I going to find looking at this that you didn't tell me? Anything?

[Defense Attorney]: I didn't see anything, Your Honor.

. . . .

THE COURT: [State's Attorney], anything in this that you would like to address?

[State's Attorney]: No, no, ma'am. I did when the probation officer was on the stand.

(Pause while the Court continues reading PSI.)

THE COURT: All right, sir, the Court makes the following findings. . . .

2

The record demonstrates that the trial court read and considered a presentence-investigation report prior to imposing Hallmark's sentence. The statement to the contrary that appears in the judgment was apparently included due to a clerical error. While written judgments normally control over oral announcements, that rule does not necessarily hold in the case of an obvious clerical error. *See Galvan v. State*, 995 S.W.2d 764, 765 (Tex. App.—San Antonio 1999, no pet.) (holding that the trial court denied a double-jeopardy plea, even though there was a written order granting the plea in the record, because every other piece of evidence in the record indicated that the trial court had denied the plea). Because the record indicates on its face that the trial court read and considered a presentence-investigation report prior to imposing Hallmark's sentence, we overrule Hallmark's issue and affirm the judgment of conviction.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: April 25, 2007

Do Not Publish

3